IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:25-CR-48-TAV-DCP |
| v. | ) | |
| | ) | |
| BRYAN HARDISON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Bryan Hardison's pro se Motion to Extend Pretrial Motion Dead[]line [Doc. 68], filed on October 16, 2025, and his Motion for Appointment and Funding of Digital Forensics Expert Pursuant to 18 U.S.C. [§] 3006A(e)(1) [Doc. 77], filed on October 24, 2025. *See* 28 U.S.C. 636(b). Defendant Hardison represents himself, following a *Faretta* hearing on September 11, 2025, in which the undersigned found Defendant knowingly and voluntarily waived his right to counsel [Doc. 51 pp. 3–4, 6]. He now asks to extend the October 23 motion deadline sixty days to permit time for him to complete his review of pole camera video footage and the contents extracted from four cell phones with his investigator and to prepare pretrial motions [Doc. 68 pp. 1–3]. Defendant also states that on the recommendation of his investigator, he is seeking a digital forensic expert to review the recordings and digital materials for possible fabrication, alteration, data loss, and "erased or missing digital evidence" [*Id.*; *see also* Doc. 77]. He contends the requested extension is necessary to prepare his defense [Doc. 68 p. 3].

After review of the parties' filings and the relevant law, the Court finds Defendant fails to show good cause for an extension of his pretrial motion deadline, nor does he show necessity for a digital forensic expert.

## I. PRETRIAL MOTION DEADLINE

The last deadline for pretrial motions expired on October 23, 2025 [Doc. 62].[1] Defendant Hardison seeks to extend this deadline sixty days to allow him to continue to review video footage and the contents of four cell phones with his investigator [Doc. 68 pp. 1–3]. The Government opposes an extension and contends Defendant has had ample time to consider any basis for a motion to suppress evidence [Doc. 72 p. 1]. It states that it provided the pole camera footage in discovery on May 19, 2025, and the four cell phone extractions on September 2, 2025 [*Id.*]. Moreover, it points out that the Court extended the pretrial motion deadline five times at Defendant's request [*Id.*; *see* Docs. 18, 27, 37, 51, & 62]. The Government also observes that Defendant has filed eight pretrial motions or pleadings, six of which relate to discovery matters [Doc. 72 p. 2; *see* Docs. 52, 53, 55, 56, 57, 63, 64, & 70].[2] It asks the Court to deny a further extension of the motion deadline or, alternatively, to limit any additional motions to those relating to the pole camera recordings or the cell phone extractions [Doc. 72 p. 2].

In reply, Defendant argues that the requested extension is necessary to protect his right to due process and to permit him to file a suppression motion [Doc. 81 p. 1]. He states that he first met with his investigator on September 22, 2025, and that since he began representing himself, he and the investigator have reviewed only a "modicum" of the video footage [*Id.* at 2]. Defendant

---

[1] On October 1, 2025, Defendant moved for an extension of his October 9, 2025 motion deadline [Doc. 61]. For grounds, Defendant said he had partially reviewed discovery with his investigator but need additional time to complete review of discovery and prepare pretrial motions [*Id.* at 1]. The undersigned granted this request and extended Defendant's motion deadline two weeks to October 23, 2025 [Doc. 62].

[2] A ninth filing is Defendant's objection to the undersigned's denial of a hearing on the role of elbow counsel [Doc. 69]. After the Government's October 21, 2025 response on extending the motion deadline, Defendant filed six additional motions, four of which were filed after the expiration of the motion deadline [Docs. 73, 76, 77, 82, 83, & 88].

observes he has moved for additional funding for his investigator [*Id*.; Doc. 71, Ex Parte].[3] Defendant states he had a breakdown in communication with his original appointed counsel and, thereafter, was represented only briefly by two retained attorneys, one of which withdrew due to a conflict and the other withdrew due to strategy differences, and one appointed counsel, Laura Davis, who is now his elbow counsel [*Id*. at 3].[4] He contends the Government's failure to identify confidential sources in the search warrant affidavit or to provide other information has hindered his ability to file a suppression motion [*Id*. at 7–9].

Whether to extend a pretrial motion deadline is a matter within the Court's discretion. *See* Fed. R. Crim. P. 12(c)(2). Here, Defendant Hardison fails to show good cause for further extension of the pretrial motion deadline. *See* Fed. R. Crim. P. 12(c)(3). As noted by the Government, the undersigned has extended the original June 10, 2025 motion deadline five times [*See* Doc. 10, Minutes; Docs. 18, 27, 37, 51, & 62]. The Court extended the motion deadline twice, from September 15 to October 9, and again to October 23, while Defendant has been representing himself [Docs. 51 & 62]. In addition to having the pole camera video recordings for approximately four months while represented by counsel, Defendant acknowledges reviewing pole camera footage with his investigator beginning on September 22, 2025. He states that he received the search warrant affidavit and documents from elbow counsel prior to September 24, 2025 [Doc. 55 p. 1]. Finally, Defendant targets the Government's failure to provide information, rather than the need to review the video and digital evidence, as the reason he has not yet filed a suppression motion. Defendant demonstrated his ability to file a pretrial suppression motion, however, by

---

[3] The Court will address Defendant's request for additional funding for his investigator [Doc. 71] in a separate Order.

[4] Defendant states that Ms. Davis declines to produce exculpatory and impeaching materials, which he has also requested from the Government, but does not explain how Ms. Davis would have access to the Government's evidence not already provided in discovery [*See* Doc. 72 p. 4].

3

improperly filing a motion for a *Franks* hearing on August 11, 2025, while represented by counsel [Doc. 35; *see* Doc. 36 pp. 1–2 (declining to consider Defendant's pro se filing while he was represented by counsel)]. Thus, the undersigned finds that Defendant has had ample time to file a pretrial suppression motion, particularly a motion based upon the search of his residence pursuant to a search warrant. Defendant's request for a sixth extension of his motion deadline is **DENIED**.

Defendant claims he has not reviewed all the video and electronic evidence with his investigator since he has been representing himself. As discussed above, Defendant does not assert that this evidence relates to an intended suppression motion. Nevertheless, if Defendant subsequently discovers a pretrial motion that he could not have previously filed by the deadline, he may move for leave to file the motion. In his motion for leave, Defendant must show good cause for the belated filing and must attach a copy of the proposed pretrial motion to his motion for leave.

## II.  DIGITAL EXPERT

Defendant also requests authorization and funding to hire an expert in digital forensics [Doc. 77]. He alleges that "[a] preliminary review [of the Government's pole camera footage and body camera recordings] by a licensed private investigator reveal significant discrepancies suggesting potential issues with authenticity, continuity, and completeness of the digital evidence" [*Id*. at 2]. Defendant asserts that the "investigator documented multiple timestamp inconsistencies between overlay and embedded metadata, sometimes differing by minutes or hours" and that "certain segments appear visually inconsistent, raising concerns of video splicing or compression artifacts inconsistent with continuous recording" [*Id*. at 4]. Defendant attaches a report purporting to be from his investigator, which states that the investigator and Defendant reviewed digital discovery stored on a thumb drive "held by defense counsel" and observed inconsistencies that

4

potentially affect the "credibility and admissibility of the [digital] evidence" [Doc. 77-1–77-2[5]]. The report lists the following issues: timestamp discrepancies, potential digital alteration, and unrelated footage of an apartment complex not related to the Defendant's residence [*Id.*]. The investigator acknowledges that he cannot determine if the digital evidence has been altered and states that this determination requires an expert to employ specialized software and "checksum validation," to prepare a report, and ultimately to testify [Doc. 77-2]. The report is unsigned [*Id.*].

A defendant asking the Court to fund expert services must show "the services are necessary and that the person is financially unable to obtain them." Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(e)(1). "The word 'necessary' in § 3006(A) requires defendants to show that '(1) such services are necessary to mount a plausible defense, and (2) without such authorization, [their] case would be prejudiced.'" *United States v. Porter*, No. 19-20115, 2023 WL 7191118, at *1 (E.D. Mich. Nov. 1, 2023) (quoting *United States v. Marin*, 635 F. Supp. 3d 565, 572 (E.D. Mich. 2022) (quoting *United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002))). CJA funding will not be granted "to fund a speculative 'fishing expedition.'" *United States v. Howard*, 621 F.3d 433, 447 (6th Cir. 2010) (citation omitted), or "on the off chance that the requested services might turn up something," *Gilmore*, 282 F.3d at 406.[6]

---

[5] The unsigned two-page report is docketed as two one-page attachments [Docs. 77-1 & 77-2].

[6] Out-of-circuit case law cited by Defendant [Doc. 77 p. 4] similarly provides "[a]t a minimum, 'an indigent defendant requesting non-psychiatric experts must demonstrate something more than a mere possibility of assistance from a requested expert.'" *Grayson v. Fitch*, No. 1:04-CV-708, 2024 WL 1218568, at *29 (S.D. Miss. Mar. 21, 2004) (quoting *Moore v. Johnson*, 225 F.3d 495, 503 (5th Cir. 2000)).

While Defendant Hardison is indigent,[7] he fails to show that the services of a digital forensic expert are necessary to his defense. Defendant does not demonstrate the origin of the thumb drive containing the video footage and who copied the video footage onto the thumb drive. The investigator admits that he is not qualified to determine whether any alteration of the digital evidence has occurred, and the attached report of the investigator is unsigned and unsworn. Defendant does not explain how the requested expert would aid his defense, nor what prejudice would ensue from the absence of this expert.[8] Thus, the information before the Court suggests that Defendant's request is speculative and amounts to fishing expedition. Defendant's request for funding for a digital forensic expert is **DENIED** without prejudice to refile with a proper showing of necessity.

## III. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1) Defendant's Motion to Extend Pre-trial Motion Dead[]line [**Doc. 68**] is **DENIED**;

(2) Defendant may not file additional pretrial motions without filing a motion for leave to file an untimely motion, stating good cause for the late filing, and attaching a copy of the proposed motion;

(3) Defendant's Motion for Appointment and Funding of Digital Forensics Expert Pursuant to 18 U.S.C. [§] 3006A(e)(1) [**Doc. 77**] is also **DENIED** without prejudice to refile with a proper showing of necessity; and

---

[7] The undersigned found Defendant qualified for court-appointed counsel both at his initial appearance and arraignment [*see* Doc. 11] and when retained counsel sought to withdraw [*see* Doc. 42]. Defendant has been continuously incarcerated since his initial appearance in this case.

[8] Defendant contends that the video and digital evidence, including the pole camera video footage, makes up the bulk of discovery "allegedly connecting [him] to the charged offenses" [Doc. 77 p. 2]. The Government, however, denies it will use the pole camera footage in its case-in-chief at trial and states that Defendant's charges are based upon the drugs seized from his residence, not the drugs that are the subject of controlled buys [Doc. 58 p. 6–7].

(4) the Clerk of Court is **DIRECTED** to mail a copy of this Order to Defendant Hardison at his place of detention.

**IT IS SO ORDERED**.

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

7
Case 3:25-cr-00048-TAV-DCP   Document 96   Filed 11/14/25   Page 7 of 7   PageID #: 323