UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

U.S. OF AMERICA

V.

BRYAN HARDISON

CASE NO. 3:25-CR-48
JUDGE: POPLIN

**AMENDED (PRO-SE) MOTION FOR TAINT (KASTIGAR-TYPE) HEARING, FILTER PROTOCOL, AND SANCTIONS FOR INTRUSION INTO ATTORNEY-CLIENT EMAIL**

Come now Defendant Bryan Hardison, (Pro Se) with (with Elbow/Standby Counsel Anticipated), and moves for (1) a taint (intrusion) hearing (2) entry of a written filter/clean team protocol; (3) production of related materials for in camera review; and (4) tailored sanctions as necessary to neutralize any prejudice from government exposure to attorney-client email and legal communications.

This motion is based on the Six Amendment, the Courts supervisory authority, and applicable rules.

(1)

I. INTRODUCTION AND LEGAL STANDARD

Goverment Intrusions into Attorney Client Communications Implicates the Sixth Amendment.

Remidies must be tailored to the Actual Prejudice or Substantial Threat of Prejudice; Dismissal is Reversed for Circumstances where Lesser Measures Cannot Cure the Injury. See Weatherford v. Bursey, 429 U.S. 545, 558-59 (1977); U.S. v. Morrison, 449 U.S. 361, 365-66 (1981).

The Sixth Circuit Requires a Showing of Prejudice (or a Serious Threat There of) Even if the Intrusion was Intentional.

See U.S. v. Steele, 727 F.2d 580, 586 (6th Cir. 1984); See Also Sanborn v. Parker, 629 F.3d 554, 569-70 (6th Cir. 2010); U.S. v. Dobson, 626 F. Appx 117, 124 (6th Cir. 2015).

When Priveledged Defense Information may have been Accessed, Courts Commonly Employ a Kastigar-Style Process Placing on the Goverment the Burden to Show its Case is Untainted by any Direct or Derivative Use of Exposure.

See Kastigar v. U.S., 406 U.S. 441, 460 (1972);

Case 3:25-cr-00048-TAV-DCP   Document 97   Filed 11/17/25   Page 2 of 4   PageID #: 326

See Also U.S. v. Warshak, 631 F.3d 266, 292-93 (6th Cir. 2010) (approving a Kastigar-like taint inquiry to insure the case rests on independant sources).

## II. Grounds and Requested Relief

1. **Tainted Hearing.** Set an evidentiary hearing to determine: (a) wheather and to what extent any AUSA/Agent or member of the prosecution team accessed or learned the contents of attorney client emails/communications; (b) any direct or derivative use; and (c) the resulting prejudice or substantial threat of prejudice to the defense.

2. **Filter/Clean-Team Protocol.** Enter the accompanying proposed order establishing a seperate filter team (walled off from the trial team), privilege search terms, logging, in camera review, and sworn declarations to ensure no information flows to the prosecution team unless and until the court authorizes it.

3. **Production for in Camera Review.** Direct the goverment to submit, for in camera review and to the filter team: (i) acquisition/legal process used for the accounts/devices; (ii) access and chain of custody logs); (iii) extraction reports/key words list; (iv) copies of potentially privileged emails/calls; and (v) any prosection-team communication referencing those materials.

4. TAILORED REMEDIES. DEPENDING ON THE HEARING RECORD AND THE GOVERMENTS KASTIGAR-STYLE SHOWING, ORDER APPROPRIATE RELIEF, INCLUDING EXCLUSION OF TAINTED OR DERIVATIVE EVIDENCE, DISQUALIFICATION OF EXPOSED PERSONNEL, SPECIAL MASTER OVERSIGHT, CURATIVE INSTRUCTIONS AND, ONLY IF LESSER MEASURES CANNOT CURE PREJUDICE DISMISSAL.

III. BRIEF APPLICATION

DEFENDANT HAS A GOOD-FAITH BASIS TO BELIEVE ATTORNEY CLIENT COMMUNICATIONS WERE AQUIRED OR VIEWABLE DURING THE GOVERMENTS COLLECTION/FORENSIC REVIEW, BECAUSE PRIVILEGED STRATIGY CANNOT BE UN-SEEN, A PROMPT TAINT HEARING AND FILTER PROTOCOL ARE NECESSARY TO IDENTIFY THE SCOPE OF EXPOSURE, BAR ANY USE OR DERIVATIVE USE, AND PRESERVE THE INTEGRITY OF THESE PROCEEDINGS CONSISTENT WITH SIXTH CIRCUIT LAW.

"CONCLUSION"

WHEREFORE, DEFENDANT RESPECTFULLY REQUESTS THAT THE COURT GRANT THIS MOTION, SET A TAINT HEARING, ENTER THE PROPOSED FILTER-PROTOCOL ORDER, COMPEL THE LIMITED IN CAMERA PRODUCTION DESCRIBED ABOVE, AND IMPOSE SUCH TAILORED REMEDIES AS JUSTICE REQUIRES.

RESPECTFULLY, SUBMITTED

DATE

Bryan Hardison
BRYAN HARDISON, PRO-SE
#504842
(11-12-25)