UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

U.S. OF AMERICA

V.

BRYAN HARDISON

CASE NO. 3:25-CR-48
JUDGE: POPLIN

FILED
DEC 01 2025
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

MOTION TO COMPEL
K-9 STOP DISCOVERY

---

DEFENDANTS MOTION TO COMPEL K-9 RECORDS, STOP AUDIO/VIDEO, AND RELATED MATERIALS

COME NOW THE DEFENDANT (BRYAN HARDISON), APPEARING (PRO-SE) MOVES UNDER FED. R. CRIM. P. 16(a)(1), BRADY v MARYLAND, GIGLIO V. U.S., AND DUE PROCESS FOR AN ORDER COMPELLING THE U.S. TO PRODUCE DISCOVERY NEEDED TO LITIGATE SUPPRESSION AND IMPEACHMENT ISSUES ARISING FROM THE TRAFFIC STOP AND ANY K-9 DEPLOYMENT.

(1)

1. **ITEMS REQUESTED**
   1. All dash-cam/body-cam audio-video, in-car systems, scene audio, radio/CAD logs, and time stamps from the initial stop through release transport.

   2. K-9 handlers complete training file; dog certifications/recertifications; mantenance logs; development/field-performance history (two years pre-stop and six months post-stop); any discipline.

   3. Policies/SOPs in effect on the stop date governing K-9 deployment, cueing, alert criteria, documentation, and handler commands.

   4. Handler logs/notes/after-action for this deployment (including alert description and location).

   5. Veterinary/disciplinary records that could affect the dog's reliability.

   6. Chain-of-custody logs; lab requests/reports, bench notes, and instrument mataince for any seized substances.

CONCLUSION:
DEFENDANT MOVES THIS COURT TO GRANT THIS MOTION TO COMPEL PURSUANT TO THE DUE PROCESS PROTECTION ACT AND ORDER AND THE DUE PROCESS CLAUSES OF THE U.S. 01 CONSTITUTION TO FURTHER LITIGATE AND DEBATE FACTS OF THE CASE BEFORE TRIAL WHICH IS 5 MONTHS AWAY.

Bryan Hardison                     RESPECTFULLY, SUBMITTED
BRYAN HARDISON
#504842
(11-23-25)

7. All Brady/Giglio/Kyles material, including benefits/promises to witnesses and any credibility or sustained-complaint information for testifying officers.

## II. Legal Standard

Rule 16 requires production of materials in the governments possession, custody or control that are material to preparing the defense. Brady/Giglio require disclosure of exculpatory and impeachment evidence; that duty extends to law-enforcement partners acting on the governments behalf.

## III. Why these Materials matter

These materials are necessary to determine (a) wheather the stop was unlawfully prolonged to conduct a dog sniff, and (b) wheather any alleged K-9 alert was reliable under the totality of the circumstances. Without this discovery, the defense cannot effectively brief suppression or cross-examine.

## IV. Relief

Order production of Items 1-7 within 14 days of the order or prior to any suppression hearing, whichever is sooner or a certification of non-existence with specificity. Sensitive materials may be produced under protective order or in camera