UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-CR-48-TAV-DCP |
| BRYAN HARDISON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's objection [Doc. 69] to the Order entered by United States Magistrate Judge Debra C. Poplin [Doc. 60], which denied defendant's *pro se* Motion for Emergency Hearing to Investigate and Get a Better Understanding of Duties of Elbow Counsel [Doc. 55].

For this Court to overturn a magistrate judge's decision on non-dispositive pretrial matters, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal citations omitted). A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal citations omitted).

On September 24, 2025, defendant filed his *pro se* motion [Doc. 55], requesting a hearing to clarify the role of elbow counsel. In support of this request, defendant stated

that he had asked his elbow counsel to "obtain all of the Rule 16 discovery [that he] asked for in [his] Notice of Request" [*Id.* at 1]. However, elbow counsel only brought him copies of the search warrant, the supporting affidavit, and one of their email correspondences [*Id.*]. Otherwise, elbow counsel told defendant that her duties were limited and that "she did not have to view pole camera footage with [him]" [*Id.*]. In the remainder of his motion, defendant listed the information he sought from elbow counsel [*Id.* at 2–4].

In her Order on defendant's *pro se* motion, Judge Poplin reiterated that on September 11, 2025, the Court conducted a *Faretta* hearing in which it advised defendant on the risks and perils of self-representation, advised defendant that he would be better off proceeding with counsel, and informed defendant that the rules of procedure and evidence would not be relaxed for him as a *pro se* litigant [Doc. 60, pp. 1–2]. As noted by Judge Poplin, defendant agreed that he understood such consequences and still wished to represent himself [*Id.* at 2]. Judge Poplin further recalled that the Court reviewed the role of elbow counsel with defendant at the hearing and a discussion of such role was included in the Court's September 15, 2025, Memorandum and Order [*Id.* (citing Doc. 51)].

In addition to the discussion of elbow counsel already had, Judge Poplin also observed that elbow counsel's role as to discovery is to "provide [d]efendant with the discovery disclosed by the [g]overnment" and not to "seek out additional information[] [or] explain the legal import of discovery" [*Id.*]. Moreover, Judge Poplin stated that elbow counsel could provide defendant with copies of documents filed in the record before defendant began representing himself, but elbow counsel need not provide defendant with

2

copies of documents already mailed to him [*Id.*]. Lastly, Judge Poplin informed defendant that he must file a motion if he desires a transcript of any proceeding [*Id.*]. Ultimately, given the Court's prior explanations of the duties of elbow counsel [Docs. 50, 51] and the further explanation of these duties in relation to discovery, Judge Poplin denied defendant's *pro se* motion [Doc. 60, p. 2].

In his objection, defendant argues that Judge Poplin's "finding" was clearly erroneous because he "is just requesting to know from the Court the extent of [elbow counsel's] duty" to effectively represent himself [Doc. 69, p. 1]. Defendant also objects to "the Judge not saying what the law is contrary to [the] clearly establish[ed] law" of *Marbury v. Madison*, 5 U.S. 137, 177 (1803), which defendant quotes for the proposition that it is the duty of the judicial department to say what the law is [*Id.* at 2]. In support of this objection, defendant contends that Judge Poplin's "bald" assertion about the perils of self-representation "does not address what the law is pertaining to [ ] elbow counsel's duty" [*Id.*]. Furthermore, defendant appears to assert that his questioning of elbow counsel's role indicates that he did not knowingly and voluntarily waive his 6th Amendment right to counsel [*Id.*]. In addition to his objection, defendant also requests a hearing "to get a better understanding of elbow counsel's duties" [*Id.* at 3].

Beginning with defendant's submission that he is "just requesting to know" the extent of elbow counsel's duty, the Court finds that Judge Poplin explained in detail the role of elbow counsel to defendant at the *Faretta* hearing [Doc. 50], in her September 15, 2025, Memorandum and Order [Doc. 51], and in her October 1, 2025, Order [Doc. 60] in

3

which she denied defendant's *pro se* motion [*See* Doc. 55]. Specifically, in the September 15, 2025, Memorandum and Order, Judge Poplin explained that elbow counsel could assist in overcoming routine procedural or evidentiary obstacles in the completion of a specific task and could help ensure that defendant complies with the basic rules of courtroom protocol and procedure [Doc. 51, p. 4 (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183–84 (1984))]. Judge Poplin also informed defendant that elbow counsel could, upon his request, provide him technical assistance in presenting the defense and preserving the record for appeal [*Id.* at 5]. And, as discussed previously, Judge Poplin's October 1, 2025, Order gave defendant further explanation as to the role of elbow counsel when it comes to discovery [Doc. 60, p. 2]. Given these previous explanations and discussions of the role of elbow counsel, the Court cannot conclude that Judge Poplin's "finding" is clearly erroneous or contrary to law.

Moving on, defendant asserts that Judge Poplin did not address the law pertaining to elbow counsel's duties in her October 1, 2025, Order despite her obligation to do so [Doc. 69, p. 2]. However, Judge Poplin addressed such law in her September 15, 2025, Memorandum and Order [*See* Doc. 51 (citing *Wiggins*, 465 U.S. at 178, 183–84; *Faretta v. California*, 422 U.S. 806, 834 n.36)]. And Judge Poplin incorporated this law into her October 1, 2025, Order, noting again that "elbow counsel's role is primarily administrative and focused on procedure" and that "elbow counsel is not obligated to provide legal advice on substantive issues" [Doc. 60, p. 2 (citing Doc. 51, pp. 4–5, 5 n.6)]. The Court also notes that, even if Judge Poplin's Order did not incorporate previously discussed law, such

4

absence is not contrary to law because "the role of standby counsel falls within the discretion of the district court." *United States v. Pouncy*, No. 23-20262, 2025 WL 2251650, at *1 (E.D. Mich. Aug. 6, 2025) (internal quotation marks and citation omitted).

Lastly, defendant appears to contend that his lack of understanding as to elbow counsel's duties indicates that he did not knowingly and voluntarily waive his 6th Amendment right [Doc. 69, p. 2]. "[B]efore a defendant may be deemed to have validly waived the right to counsel, he must be warned specifically of the 'dangers and disadvantages of self-representation.'" *United States v. Powell*, 847 F.3d 760, 774 (6th Cir. 2017) (quoting *Faretta*, 422 U.S. at 835). The Sixth Circuit has instructed district courts to "ask the defendant a series of questions drawn from, or substantially similar to, the model inquiry set forth in the *Bench Book for United States District Judges*." *United States v. McBride*, 362 F.3d 360, 366 (6th Cir. 2004). Additionally, this model inquiry is to be followed by "a strong admonishment that the court recommends against the defendant trying to represent himself or herself." *United States v. Williams*, 641 F.3d 758, 767 (6th Cir. 2011).

These instructions by the Sixth Circuit do not include an obligation to inform a defendant who seeks to waive his right to counsel about the possibility of appointing elbow counsel. And logically so as "[a] criminal defendant who elects to proceed pro se has no right to standby counsel." *Moore v. Edwards*, No. 23-3844, 2024 WL 1636585, at *4 (6th Cir. Apr. 1, 2024) (citations omitted); *accord Hackett v. Bracy*, No. 4:21-CV-2337, 2024 WL 3793928, at *27 (N.D. Ohio Apr. 19, 2024), *report and recommendation adopted,* No.

5

4:21-CV-2337, 2024 WL 3791901 (N.D. Ohio Aug. 13, 2024) (noting that the Supreme Court in *McKaskle* did not mandate that courts appoint standby counsel). Thus, any lack of understanding as to the role of elbow counsel does not implicate defendant's waiver of his right to counsel. Accordingly, when the Court advised defendant on the risks and perils of self-representation using the litany provided in *United States v. McDowell*, 814 F.2d 245, 251 (6th Cir. 1987) and the *Bench Book for United States District Judges* and recommended to defendant that he would be better off proceeding with counsel [Doc. 50; Doc. 51, pp. 3–4; Doc. 60, pp. 1–2], defendant was properly warned of the dangers and disadvantages of proceeding *pro se* as is needed for the knowing and voluntary waiver of one's 6th Amendment right to counsel. In turn, the Court finds that Judge Poplin's Order [Doc. 60] was not clearly erroneous or contrary to law.

In total, for the reasons explained, defendant's objection [Doc. 69] is **OVERRULED**, and his request for a hearing is **DENIED**. Judge Poplin's well-reasoned decision [Doc. 60], which is hereby incorporated by reference, remains in effect as the ruling of this Court.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE