IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )  No. 3:25-CR-48-TAV-DCP |
| v. | ) |
| | ) |
| BRYAN HARDISON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions are referred to the undersigned for disposition or recommendation as appropriate. 28 U.S.C. § 636(b). This case is before the Court on Defendant Bryan Hardison's pro se[1] Emergency Motion to Expedite Taint (Kastigar-Type) Hearing and for Interim Filter Protocol ("Motion for Hearing and Filter Measures") [Doc. 123] and Defendant's pro se Motion for Court[-]Ordered Printout of Emails (Attorney-Client/Case Related) from Knox County Detention Facility ("Motion for Printouts") [Doc. 138]. These motions relate to Defendant's Amended (Pro Se) Motion for Taint (Kastigar-Type) Hearing, Filter Protocol, and Sanctions for Intrusion into Attorney-Client Email "Motion on Exposed Email" [Doc. 97].[2]

---

[1] On September 11, 2025, the undersigned permitted Defendant Hardison to represent himself, after finding that he knowingly and voluntarily waived his right to counsel [Doc. 51 p. 6]. At Defendant's request, the Court appointed Attorney Laura Davis as elbow counsel [*Id.* at 7]. On November 19, 2025, the undersigned substituted Attorney Mark Brown as elbow counsel for Defendant Hardison [Doc. 102 pp. 2–3].

[2] The undersigned permitted the late Motion on Exposed Email because "the circumstances underlying Defendant's motion [Doc. 97] arose after the expiration of the October 23, 2025 motion deadline, and Defendant filed the motion [Doc. 97] likely before receiving the Court's [ruling denying an extension of the motion deadline and requiring any further motions to be accompanied by a motion for leave]" [Doc. 103; *see* Doc. 96 p. 6]. The Court likewise permits the Motion for Hearing and Filter Measures [Doc. 123] and Motion for Printouts [Doc. 138], although untimely, because they are related to Defendant's Motion on Exposed Email [Doc. 97].

In his Motion on Exposed Email, Defendant asserts that the Government accessed and viewed privileged email between him and elbow counsel and requests a taint or intrusion hearing, implementation of filter team measures to ensure information from Defendant's privileged communications is not provided to prosecuting attorneys, production of the exposed materials for in camera review, and sanctions, to include potential dismissal of the case, to neutralize any prejudice from the Government's exposure to privileged communications [Doc. 97 pp. 3–4]. Defendant attaches a copy of an October 30, 2025 letter from the prosecuting attorney stating that the case agent reviewed "a recent email between [Defendant] and [his] elbow counsel, Laura Davis" [Doc. 97-1 p. 1].[3] Defendant also attaches the report of Detective Brandon Stryker, the case agent, who states that while monitoring Defendant's jail communications on October 14, 2025, he saw an email from elbow counsel to Defendant sent on October 13, 2025 [Doc. 97-2 p. 1]. Detective Striker states that he then notified the prosecuting attorney and the jail [*Id.*].

The Government responded in opposition to the Motion on Exposed Email, arguing that Defendant waived any privilege by communicating through the jail's email system, which he knew was monitored, and that Defendant has not and will not suffer any prejudice from the case agent's review of the email [Doc. 117 p. 1]. The Government provides the December 10, 2025 Declaration of Brandon Stryker, who states he inadvertently saw an email between Defendant and elbow counsel while reviewing Defendant's jail communications [Doc. 117-5 ¶ 2]. Detective Stryker states that the email did not discuss the underlying facts of the investigation and prosecution, nor

---

[3]  The prosecutor's letter also states that the Government "will ensure that no one else involved in the investigation or prosecution of this case will review the email and that the case agent does not further review it" [Doc. 97-1 p. 1]. The prosecutor offers, at Defendant's request, to provide Defendant a copy of the email using a filter team unrelated to the prosecution or investigation [*Id.*]. The letter also asserts that the prosecutor informed elbow counsel "of the ability to designate her email account to the jail as associated with a lawyer so that the email communications with her account are not monitored in the future" [*Id.*].

2

did it discuss anything related to Defendant's litigation strategy or trial preparations [*Id*. ¶ 3]. Detective Stryker said his review of the email did not lead to other evidence, nor has he used information from the email to further his investigation of Defendant [*Id*. ¶ 4]. Finally, Detective Stryker says he did not provide the email to the prosecuting attorney, to anyone at the United States Attorney's Office, or to anyone involved in this investigation or prosecution [*Id*. ¶ 4].

Defendant filed two replies to the Government's response [Docs. 122 & 134]. On December 12, 2025, Defendant filed a Motion for Hearing and Filter Measures [Doc. 123]. He states that the Government has acknowledged access to communications between him and his elbow counsel [*Id*. at 2]. He maintains that regardless of the ultimate determination on whether any specific message is privileged, the Court should take immediate measures to prevent further prejudice, namely (1) sequestering all defense communications on strategy from the prosecution; (2) preserving records; (3) requiring all prosecutors, agents, and staff to provide sworn declarations on whether they accessed defense communications and whether they conveyed information to the prosecution; and (4) preventing the prosecution from reviewing any disputed communications pending the taint hearing [*Id*. at 2–3]. Additionally, Defendant asks that the Court "set an expedited taint hearing" as soon as possible [*Id*. at 3].

On December 22, 2025, Assistant United States Attorney William A. Roach, Jr., entered a limited notice of appearance in this case [Doc. 129]. AUSA Roach states that he appears for the limited purpose of providing the Court, for its in-camera review, the email between Defendant and elbow counsel that was inadvertently seen by the case agent [*Id*.]. AUSA Roach also moved to file the email at issue under seal "due to [Defendant's] allegation that the document is subject to the attorney-client privilege" [Doc. 130 p. 1]. The motion states the Government disputes this claim of privilege but, nevertheless, and "out of an abundance of caution, the United States has instituted

3

a taint-review process to review the email and file it in camera for the Court's review" [*Id*.]. AUSA Roach asks that the email be sealed, "with the exception that the Government will provide a copy to the [D]efendant and to his elbow counsel" [*Id*.]. The undersigned granted the motion to seal the email [Doc. 132].

On January 5, 2026, Defendant responded that he did not object to the Court's in-camera review of the email, nor to the sealing of the email, but asks that sealed materials be as limited as possible and that the Court impose a protective filter procedure [Doc. 136 pp. 1–2]. Defendant also asks the Court to require the sworn declarations of the case agent and the filter attorney, addressing in writing (1) "who accessed the email and when;" (2) "whether the email was copied, summarized, or transmitted;" (3) "what firewall exists between any filter personnel and the prosecution team;" (4) "how the Government will ensure no derivative use of the [the] email occurs;" and (5) "whether any investigative steps were taken after the email was observed" [*Id*. at 3]. Defendant also requests a hearing or a briefing schedule addressing the issues of privilege/waiver, intrusion, prejudice/derivative use, and the appropriate remedy [*Id*. at 4].

On January 7, 2026, Defendant filed the Motion for Printouts, asking that the Court order the Knox County Detention Center or its vendor that maintains inmate tablets to print and provide hard copies of all his emails that include attorney-client and/or case-related communications [Doc. 138 pp. 1–2]. Defendant contends he needs printed copies of his email to litigate the email exposure issue [*Id*. at 2–3]. He states that when he requested the printout from the jail, he was told that a court order is required [*Id*. at 2]. Defendant contends the printout may be limited to emails between him and elbow counsel Laura Davis and may be further restricted by date [*Id*. at 4].

The Court has reviewed all the parties' filings related to the issue of the jail email observed by Detective Stryker. The Court finds a hearing on this matter is not necessary. The Court also

4

finds that the Government's October 30 letter [Doc. 97-1] and AUSA Roach's motion to file the email under seal [Doc. 30] reveal that the Government has enacted filter measures to prevent further exposure of the email. Accordingly, Defendant's Motion for Hearing or Filter Measures [**Doc. 123**] is **DENIED**. The Court also finds that Detective Stryker viewed a single email and that the filter attorney has disclosed that email to Defendant and elbow counsel. Thus, Defendant's Motion for Printouts [**Doc. 138**] is also **DENIED**.

Defendant also asks the Court to require Detective Stryker and the filter attorney to provide sworn declarations describing what happened after Detective Stryker viewed the email [Doc. 136 p. ]. Detective Stryker's declaration is already in the record [Doc. 117-5]. But full description of how the email was handled after Detective Stryker viewed it is not in the record. Accordingly, AUSA Roach shall provide a sworn declaration describing the "taint-review process" [Doc. 130 p. 1] and answering, to the best of his knowledge, the five questions posed by Defendant: (1) "who accessed the email and when;" (2) "whether the email was copied, summarized, or transmitted;" (3) "what firewall exists between any filter personnel and the prosecution team;" (4) "how the Government will ensure no derivative use of the [the] email occurs;" and (5) "whether any investigative steps were taken after the email was observed" [Doc. 136 p. 3]. The Court also permits further briefing, as set out below, before ruling on Defendant's Motion on Exposed Email.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Bryan Hardison's pro se Emergency Motion to Expedite Taint (Kastigar-Type) Hearing and for Interim Filter Protocol [**Doc. 123**] is **DENIED**;

(2) Defendant's Motion for Court[-]Ordered Printout of Emails (Attorney-Client/Case Related) from Knox County Detention Facility ("Motion for Printouts") [**Doc. 138**] is also **DENIED**;

5

(3) Defendant's request for the sworn declaration of Detective Stryker is **DENIED as moot** because Detective Stryker's Declaration appears in the record [*See* Doc. 117-5];

(4) Defendant's request that the Government's filter attorney provide a sworn declaration addressing five questions is **GRANTED**. AUSA Roach is **ORDERED** to provide a sworn declaration describing the taint-review process employed in this case and answering to the best of his knowledge the five questions posed by Defendant [*see* Doc. 136 p. 3]. AUSA Roach shall provide this declaration on or before **February 20, 2026**, and shall serve a copy on Defendant by mail;

(5) Defendant may respond to AUSA Roach's declaration on or before **March 6, 2026**;

(6) Thereafter, the Court will take Defendant's Amended (Pro Se) Motion for Taint (Kastigar-Type) Hearing, Filter Protocol, and Sanctions for Intrusion into Attorney-Client Email "Email Intrusion Motion" [Doc. 97] under advisement; and

(7) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant at his place of detention.

**IT IS SO ORDERED**.

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge