IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 3:25-CR-48-TAV-DCP |
| v. ) | |
| ) | |
| BRYAN HARDISON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

All pretrial motions are referred to the undersigned for disposition or recommendation as appropriate. 28 U.S.C. § 636(b). This case is before the Court on Defendant Bryan Hardison's pro se[1] motions demanding a speedy trial: Motion to Demand a Fast and Speedy Trial [Doc. 76] and Motion for Defendant to Assert His Statutory Right to the 90[-]day Rule [in] 18 U. S. C. § 3164(c) [Doc. 88].[2] Defendant unequivocally states that he is not requesting any relief at this juncture [*See* Docs. 89 & 113]. For this reason and the reasons discussed herein, Defendant's "motions" [**Docs. 76 & 88**] are **DENIED as moot**.

---

[1] On September 11, 2025, the undersigned permitted Defendant to represent himself, after finding that he knowingly and voluntarily waived his right to counsel [Doc. 51 p. 6]. At Defendant's request, the Court appointed Attorney Laura Davis as elbow counsel [*Id*. at 7]. On November 19, 2025, the undersigned substituted Attorney Mark Brown as elbow counsel for Defendant [Doc. 102 pp. 2–3].

[2] Defendant also filed three other documents relating to his right to a speedy trial: Notice of (and) Request [Doc. 52], Notice of Defendant's Assertion of Right to Speedy Trial Non-Consent to Any Further Continuances and Objection to Continuances That Are on the Docket [Doc. 120], and letter requesting the Clerk of Court provide Defendant a calculation of days elapsed from his speedy trial clock [Doc. 144].

I.  **BACKGROUND**

On May 5, 2025, officers with the Knoxville Police Department's ("KPD") Organized Crime Unit ("OCU") executed a search warrant at Defendant's residence [Doc. 1 p. 3]. On that same day, the undersigned issued a Criminal Complaint charging Defendant with possession of 280 grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) [*Id.* at 1], based upon the affidavit of KPD Detective Brandon Stryker ("Detective Stryker"), which lists controlled substances seized from Defendant's residence. Defendant was arrested on May 5, 2025. At Defendant's May 6, 2025 initial appearance on the Criminal Complaint, the undersigned appointed Assistant Federal Defender Jonathan Moffatt and the Federal Defender Services of Eastern Tennessee as counsel [*see* Doc. 4, Minutes; *see* Doc. 14 (Order of appointment)].

On May 7, 2025, a Grand Jury charged Defendant by Indictment with possession with intent to distribute 280 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count One) and possession with intent to distribute 500 grams or more of a mixture or substance containing cocaine (Count Two) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) [Doc. 8 p. 1]. On May 14, 2025, the Court held an initial appearance and arraignment on the Indictment and set the case for trial on July 15, 2025 [Doc. 10, Minutes]. On June 10, 2025, Attorney Moffatt moved to continue the trial and pretrial motion deadline, stating as grounds that he needed time to meet with Defendant on supplemental discovery and his research relating to pretrial motions [Doc. 17 ¶ 1]. The undersigned granted this motion, continued the trial to September 23, 2025, and extended the June 10 pretrial motion deadline to July 17, 2025 [Doc. 18 p. 2]. The Court found the time between the filing of the motion to continue on June 10, 2025, and the new trial date was fully excludable under the Speedy Trial Act because

2

"the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial" [*Id*.].

In mid-July 2025, Defendant retained Attorneys Gregory P. Isaacs and Ashlee B. Mathis, of the Isaacs Law Firm, who filed a Notice of Appearance [Doc. 19], but they subsequently withdrew their Motion for Substitution of Counsel due to their discovery of a potential conflict of interest [Doc. 21]. Attorney Moffatt, who remained counsel of record [Doc. 24], moved to reopen and extend the pretrial motion deadline for four weeks [Doc. 26 p. 1].[3] The motion relates that the pretrial motion deadline inadvertently expired during the time retained counsel entered an appearance and then withdrew it [*Id*. at 1–2]. Attorney Moffatt stated that he and Defendant agree that pretrial motions, specifically two motions to suppress evidence, should be filed but additional time is needed to complete investigation of the issues, review pole camera video footage, and confer with Defendant [*Id*.]. The Court granted this motion and reopened and extended the pretrial motion deadline to August 14, 2025 [Doc. 27].

On July 23, 2025, Defendant filed a pro se motion requesting substitute counsel, contending that defense counsel has not met with him on discovery, defense strategy, or the case law in support of pretrial motions [Doc. 28 p. 1]. Defendant also sent a letter to the court reiterating these points [Doc. 29 p. 1]. Defense counsel filed a Motion to Review Attorney/Client Relationship [Doc. 31] on July 29, 2025. On August 6, 2025, Attorneys Wade V. Davies and Georgia A. Miller of the Davies Law Firm, PLLC, entered a Notice of Appearance as counsel of record for Defendant,

---

[3] Defendant also filed a pro se "Notice and Request" asking to extend the pretrial motion deadline to allow him to file a suppression motion alleging a Fourth Amendment violation [Doc. 22 p. 2]. The undersigned denied this motion because "Defendant is not permitted to file motions in his own behalf while represented by counsel. E.D. Tenn. L.R. 83.4(c)" [Doc. 25]. The Court directed counsel to review the pro se filing, confer with Defendant, and file a motion if appropriate [*Id*.].

3

stating he retained them after the filing of Attorney Moffatt's Motion to Review Attorney/Client Relationship [Doc. 32]. Attorney Davies simultaneously filed a Motion to continue the trial and the pretrial motion deadline "to provide new counsel the adequate time to obtain and review discovery, discuss the case with the client, and provide effective assistance of counsel in the preparation of any pretrial motions" [Doc. 33 p. 1].

On August 7, 2025, the Court substituted Attorneys Davies and Miller as Defendant's counsel of record [Doc. 34]. Just days later, on August 11, 2025, Defendant filed a pro se motion seeking a *Franks* hearing and suppression of evidence obtained during the execution of the search warrant at his residence [Doc. 35]. The Court denied the motion, instructing Defendant that he must file all motions through counsel and directing counsel to confer with Defendant about his pro se filing [Doc. 36 pp. 1–2]. The Court also granted a trial continuance to November 4, 2025, and extended the pretrial motion deadline to September 15, 2025 [Doc. 37 pp. 2–3]. The Court again found that the ends of justice furthered by granting the continuance outweighed the interest of Defendant and the public in a speedy trial and excluded all time between the filing of the motion to continue on August 6, 2025, and the new trial date of November 4, 2025 [*Id*. at 2–3].

On August 17, 2025, Attorneys Davies and Miller filed a motion to withdraw as counsel [Doc. 38], which the Court granted after hearing on August 25, 2026 [Doc. 39]. At the August 25 hearing, Defendant initially expressed his desire to represent himself, but the Court asked that he accept appointed counsel to further discuss his case and take time for thoughtful consideration of his request to proceed pro se [Doc. 51 p. 2 n.4]. The Court appointed Criminal Justice Act ("CJA") panel attorney Laura Davis as counsel of record for Defendant [Doc. 42 p. 2].

Shortly after this substitution, Attorney Davis filed an Unopposed Motion to Continue Trial and All Associated Deadlines and a Motion for *Faretta* Hearing [Doc. 48, 49]. Following a *Faretta*

4

hearing on September 11, 2025, the undersigned found Defendant knowingly and voluntarily waived his right to counsel and permitted Defendant to represent himself [Doc. 51 pp. 3–4, 6]. The Court also continued the trial to April 21, 2026, observing Defendant, who now represents himself, needs time to review and evaluate discovery, consider pretrial motions, and otherwise prepare for trial [*Id*. at 6]. The Court also extended the pretrial motion deadline to October 9, 2026 [*Id*. at 7].[4] In granting this ends-of-justice continuance, the undersigned found all time between prior counsel's and Defendant's motions filed on August 29, 2025, and the new trial date of April 21, 2026, was fully excludable under the Speedy Trial Act [*Id*. at 6–7].[5]

On September 15, 2025, Defendant filed a pro se Notice of (and) Request, which states only that "I would like to assert my right to a speedy trial under the 6th Amendment" [Doc. 52].

On October 1, 2025, Defendant moved to again extend his pretrial motion deadline to allow him to complete review of discovery with his investigator and to prepare pretrial motions [Doc. 61 p. 1]. The Court found a short extension of the pretrial motion deadline was appropriate and extended the deadline to October 23, 2025 [Doc. 62 p. 2]. On October 16, 2026, Defendant moved for a sixty-day extension of his pretrial motion deadline to complete review of the pole camera video footage, to review "digital copies of content of four cell phones," and to prepare pretrial

---

[4] On August 29, 2025, Defendant filed a pro se motion to extend the pretrial motion deadline to allow him to "investigate a [Fourth] Amendment violation to file a motion to suppress" [Doc. 45 p. 1].

[5] "The Court gave the parties two trial dates in April 2026 from which to choose, and the April 21 date was selected. After making the selection, Defendant asked the Court if the trial date could be set within the next 90 days. The Court explained that he expressed the desire to consider and file pretrial motions, and due to limitations in doing so under self-representation as expressed in Defendant's Unopposed Motion to Continue Trial and All Associated Deadlines [*see* Doc. 48 p. 1], sufficient time would be needed to fully litigate such motions. The Court noted, however, that if he did not wish to file pretrial motions, an earlier trial date could be considered. Defendant then stated that he agreed to have the trial reset to April 21, 2026" [Doc. 51 p. 6 n.7].

5

motions [Doc. 68 pp. 1–3]. The undersigned denied this sixth request to extend the motion deadline, finding "Defendant has had ample time to file a pretrial suppression motion, particularly a motion based upon the search of his residence pursuant to a search warrant" [Doc. 96 p. 4]. The Court observed that Defendant does not allege continued review of the pole camera footage relates to an intended suppression motion but, nevertheless, held that "if Defendant subsequently discovers a pretrial motion that he could not have previously filed by the deadline, he may move for leave to file the motion" demonstrating good cause [*Id*.]. Throughout the proceedings, the Court extended the pretrial motion deadline five times at Defendant's request [Docs. 18, 27, 37, 51, & 62]. The last deadline for pretrial motions expired on October 23, 2025 [Doc. 62].

On October 23, 2025, Defendant timely filed several pro se motions including a dispositive motion to dismiss for lack of subject matter jurisdiction arguing his case is improperly before this Court [Doc. 73]. Also on October 23, 2025, Defendant filed a Motion to Demand a Fast and Speedy Trial, asserting his rights under the Speedy Trial Act and the Sixth Amendment [Doc. 76 p. 2]. Defendant states that he has a right to trial within seventy (70) days of indictment or his first appearance, whichever is first [*Id*.]. Observing "[t]he remedy for a 6th Amendment speedy trial violation is dismissal with prejudice[,]" Defendant concludes by stating that he "assert[s] and demand[s] a fast and speedy trial" under both the Speedy Trial Act and the Sixth Amendment [*Id*. at 3].

The Government responded to Defendant's motion, arguing that to the extent Defendant's Motion to Demand a Fast and Speedy Trial [Doc. 76] is a motion to dismiss the charges for violation of his statutory and constitutional speedy trial rights, it should be denied [Doc. 80 p. 1]. The Government maintains that the Speedy trial act permits exclusions from the seventy-day requirement for time related to filing pretrial motions and to further the ends of justice [*Id*. at 2].

6

It argues that given the appropriate and documented exclusions in this case, only twenty-seven days have elapsed from Defendant's speedy trial clock since his arraignment on May 14, 2025, and only thirty-six days have elapsed from his arrest on May 5, 2025 [*Id*. & n.2]. The Government also argues that no violation of Defendant's Sixth Amendment speedy trial rights has occurred because the total delay between his arrest and his April 21 trial date is less than one year and all the factors from *Barker v. Wingo*, 407 U.S. 514, 530 (1972), weigh against Defendant [*Id*. at 2–3].

In reply, Defendant states his motion is not a request to dismiss the case for a speedy trial violation and that he "has never filed and never requested for this [case] to be dismissed for a violation of speedy trial rights" [Doc. 89 pp. 1–2]. Instead, Defendant says he is merely "asserting his right to a speedy trial, under the 70[-]day statutory right and the Sixth Amendment constitutional right to a speedy trial" [*Id*. at 2].

On November 5, 2025, Defendant filed a Motion for Defendant to Assert his Statutory Right to the 90[-]day Rule [in] 18 U.S.C. § 3164(c) [Doc. 88]. This motion states only that Defendant, who represents himself, "is exercising his statutory right to the 90[-]day rule's elapse" [*Id*.].

On November 19, 2025, the Government responded that Defendant "seemingly asserts that he should be released under 18 U.S.C. § 3164(c) because, according to [Defendant], the 90-day speedy trial clock for detained defendants has expired" [Doc. 101 p. 1]. It argues that the ninety-day rule has not expired because it is subject to the same exclusions of time for the seventy-day clock set forth in 18 U.S.C. § 3161(h) [*Id*.]. The Government contends that Defendant is not entitled to relief under § 3164 because no more than thirty-six (36) days have elapsed from the ninety-day clock [*Id*.].

7

Again, Defendant filed a reply, asserting that his motion under § 3164(c) did not request any relief or remedy from the Court [Doc. 113 p. 2]. He states that he "is only exercising this statutory right to the 90[-]day rule under 18 U.S.C. [§] 3164(c)" [*Id*.]. He asks the Court to take judicial notice that the Government is "misconstruing [his] arguments" [*Id*.].

On December 11, 2025, Defendant filed a Notice of Defendant's Assertion of Right to Speedy Trial [and] Non-consent To Any Further Continuances and Objection to Continuances that are on the Docket [Doc. 120]. Defendant contends that he reasserts his right to a speedy trial and that he "has never waived this right" [*Id*. at 2]. He states that he "do[es] not consent to any further continuances" and that he "objects/disputes to continuances already on his docket and will raise these objections" in future motions [*Id*.]. Defendant contends that he is entitled to be free from "arbitrary[,] vexatious or oppressive delays" [*Id*. at 3].

On January 8, 2026, the undersigned held a detention hearing, pursuant to Defendant's motion for detention hearing, and ordered that Defendant be detained pending his trial [Doc. 143]. On February 23, 2026, Defendant filed a Motion and Reply to Doc[.] #143 again requesting release on conditions [Doc. 152 p. 9].

On January 23, 2026, the Court received a letter from Defendant asking the Clerk of Court to "provide the Court's calculation of elapsed days for 18 U.S.C. § 3161 (speedy trial) and 18 U.S.C. § 3164(c) (90[-]day detention review) for [this] case; or direct me to the docket entries used to compute them" [Doc. 144 p. 1].

II.     ANALYSIS

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" U.S. Const. amend. VI. The Speedy Trial Act requires that a criminal defendant be brought to trial within seventy (70) days of the later of the filing of the indictment or the date of the

defendant's initial appearance. 18 U.S.C. § 3161(c)(1). The Act, however, excludes from the speedy trial calculus certain enumerated periods of delay, such as delay relating to pretrial motions, § 3161(h)(1)(D); up to thirty days during which the court has a motion under advisement, § 3161(h)(1)(H); and delay resulting from a continuance when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).

"The Speedy Trial Act provides that the trial of a defendant detained pending trial 'shall commence not later than ninety days following the beginning of such continuous detention.'" *United States v. Monk*, 12 F. App'x 325, 326 (6th Cir. 2001) (quoting 18 U.S.C. § 3164(b)). "No detainee . . . shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." 18 U.S.C. § 3164(c). But like with the seventy-day speedy trial clock, this ninety-day period is also subject to the periods of excludable delay in § 3161(h). 18 U.S.C. § 3164(b); *United States v. Roush*, No. 21-3820, 2021 WL 6689969, at *1 (6th Cir. Dec. 7, 2021).

The precise amount of delay that violates the Sixth Amendment in any given case is not easily calculated. *United States v. Allen*, 86 F.4th 295, 304 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 2621 (2024). Courts must engage in a case-by-case "balancing test" evaluating four factors from *Barker v. Wingo* ("the *Barker* factors"): the length of the delay, the reason for the delay, whether the defendant timely asserted his speedy trial rights, and whether the defendant was prejudiced by the delay. *Id*. (citing *Barker v. Wingo*, 407 U.S. 514, 530, 533 (1972)). When the length of delay exceeds one-year, an evaluation of the remaining three *Barker* factors is triggered. *Id*. (citing *Doggett v. United States*, 505 U.S. 647, 652 (1992)) (other citations omitted).

Here, Defendant Hardison states that he is not seeking any remedy or relief from the Court in relation to his motions asserting his statutory and constitutional speedy trial rights. Nor does the record reflect any violations of those rights. Applying the Speedy Trial Act, approximately thirty-four days elapsed between the filing of the Indictment on May 7, 2025, and Defendant's first motion to continue the trial on June 10, 2025 [*See* Doc. 17]. Counting from the time of Defendant's May 5 arrest for purposes of § 3164 adds only two days. *See* 18 U.S.C. § 3164(b). From that point forward, all time was excluded in a series of ends-of-justice continuances, each granted at Defendant's request [Docs. 18, 37, & 51]. Defendant's recent filing [Doc. 120] seemingly revoking his prior agreement to these continuances is unavailing.

Moreover, while representing himself, Defendant has filed more than thirty motions, including dispositive motions, some of which are still under advisement. The resolution of these motions provides another reason to exclude the delay until his April 21, 2026 trial date. *See* 18 U.S.C. § 3261(h)(1)(D) & (H).

Regarding Defendant's Sixth Amendment right to a speedy trial, "'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated.'" *United States v. O'Dell*, 247 F.3d 655, 667 (6th Cir. 2001) (quoting *United States v. DeJesus*, 887 F.2d 114, 116 (6th Cir. 1989)). Here, an analysis of Defendant's Sixth Amendment rights is not warranted because Defendant will not have been detained for the one-year threshold by the time of his April 21, 2026 trial date. *See Allen*, 86 F.4th at 304.

For these reasons, no basis for this Court to find a speedy trial violation exists.

## III. CONCLUSION

The Court **ORDERS** as follows:

(1) Defendant's Motion to Demand a Fast and Speedy Trial [**Doc. 76**] and Motion for Defendant to Assert His Statutory Right to the 90[-]day Rule [in] 18 U.S. C. § 3164(c) [**Doc. 88**] are **DENIED as moot**; and

(2) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant at his place of detention.

**IT IS SO ORDERED**.

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge