IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-48-TAV-DCP |
| | ) | |
| BRYAN HARDISON, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. Defendant Bryan Hardison is charged by Indictment with possession with intent to distribute 280 grams or more of a mixture or substance containing cocaine base (Count One) and possession with intent to distribute 500 grams or more of a mixture or substance containing cocaine (Count Two), both allegedly occurring on May 5, 2025 [Doc. 8 p. 1].

This case is now before the Court on Defendant's ten non-dispositive pretrial motions[1]:

1. Omnibus Motion for All Exculpatory Evidence [and] Impeachment Evidence [Doc. 56];

2. Motion for Notice and Disclosure of Any Rule 404(B) Evidence the U.S. Seeks to Introduce at Trial [Doc. 57];

3. Motion to Compel Discovery Under Rule 16 of the Federal Rules of Criminal Procedure for the Government to Produce and Turnover Drug Toxicology Report to the Defendant [Doc. 63];

4. Motion to Reveal Informant's Identity [Doc. 64];

---

[1]     Defendant also has six other pending non-dispositive motions/filings [Docs. 52, 76, 88, 97, 120, & 144]. The undersigned will address these motions in separate orders.

5. Motion to Compel the Government to Disclose Six Photo Line-Up Shown to Confidential Source and All Favorable Evidence [Doc. 70];

6. Motion to Exclude All Testimony from *Giglio* Impaired Officers/Agents at Trial [Doc. 82];

7. Motion to Preserve and Authenticate Digital Evidence [Doc. 93];

8. Motion to Compel Disclosure or in Camera Review of Confidential Source Technically Confidential Informant [Doc. 94];

9. Rule 16 Motion to Compel Discovery (Lab, Chain of Custody Recordings) (Marked Money) [Doc. 95]; and

10. Motion [for] Leave and [to] File Late Filed Pretrial Motion to Compel K-9 Discovery and All Favorable Evidence [Doc. 105] along with the associated Motion to Compel K-9 Stop Discovery [106].

The Government responded to each motion [Docs. 58, 66, 67, 78, 85, 98, 104, & 126], and Defendant filed replies [Docs. 65, 74, 75, 86, 107, 121, & 133]. These matters are now ripe for the Court's consideration. For the reasons set forth below, the Court **DENIES** each of Defendant's motions [**Docs. 56, 57, 63, 64, 70, 82, 93, 94, 95, & 105/106**].[2]

## I. DEFENDANT'S TIMELY MOTIONS

Defendant timely filed motions seeking to compel disclosure of exculpatory and impeachment evidence [Docs. 56, 63, & 70], evidence of other crimes or acts the Government will introduce in its case-in-chief [Doc. 57], and the identity of the confidential source [Doc. 64]. The Court examines each of these categories of motions in turn.

---

[2] Defendant also filed a Notice and Request [Doc. 53] relating to items sought in discovery, and the Government responded to the extent the Court construed the filing to be a motion [Doc. 58]. Defendant did not file this Notice and Request as a motion; therefore, the Court takes no action on this filing.

2

## A. EXCULPATORY & IMPEACHMENT EVIDENCE [Docs. 56, 63, & 70]

Defendant filed three motions seeking exculpatory and impeachment evidence from the Government. In his Omnibus Motion for All Exculpatory Evidence Impeachment Evidence, Defendant asks the Court to compel the Government to disclose all exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) [Doc. 56 p. 1]. Specifically, he seeks "perjured testimony" in the possession of law enforcement, and *Brady* evidence that "proves a known drug supplier" [*Id.* at 2]. Defendant also asks the Court to compel the prosecution to disclose impeachment evidence pursuant to *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972) [*Id.* at 1–2]. In this regard, he requests the identity of the Government's trial witnesses and physical evidence; the criminal history of the confidential source; information on lineups, show-ups, and photographs; character and impeachment evidence for any prosecution witness; and any promises or inducements made to prosecution witnesses [*Id.* at 3]. Defendant further requests the Court require the Government to review the personnel files of all law enforcement officers and agents and employees involved in the investigation of this case and to disclose all exculpatory information, impeachment evidence, and evidence of dishonesty within those files [*Id.* at 4–5].

The Government responds by stating it has met and exceeded its discovery requirements by providing more than 300 pages of written materials and documents, 15 audio and video recordings, digital extractions from four cell phones, and pole camera recordings to Defendant [Doc. 58 pp. 2–3]. The Government also states those materials "document" the evidence it intends to use at trial and sentencing [*Id.*] The Government represents it has also offered to arrange for Defendant to inspect the materials if requested [*Id.*]. With respect to the specific items Defendant requests, the Government maintains it fulfilled its discovery obligations by disclosing all "arguably material exculpatory and impeachment information" [*Id.* at 4]. The Government states Defendant

is not entitled to personnel files as he has made no showing that the files include information material to his defense [*Id*. at 4–5]. Moreover, it asserts that Defendant's request is overly broad and not limited to impeachment information regarding testifying officers [*Id.* at 5]. Furthermore, the Government contends it is not required to identify its witnesses and exhibits before trial [*Id.*]. Nor does Rule 16 require it to disclose the list of investigative materials Defendant requests with respect to his challenge of the search warrant [*Id.* at 6].[3]

In reply, Defendant denies that the Government has provided the information he seeks regarding the investigation underlying the search warrant affidavit or relating to the confidential source [Doc. 65 pp. 1–3].

Defendant also moves the Court to require the Government to turn over drug toxicology reports pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure [Doc. 63 p. 1; Doc. 75 p. 3]. Defendant states he has been incarcerated for five months, and the Government has yet to disclose the toxicology report in violation of his rights to due process and a fair and speedy trial [Doc. 63 p. 2; *see also* Doc. 75 p. 2]. He requests that the Court compel the Government to produce the drug toxicology reports, dismiss the case, or release him pretrial [Doc. 63 p. 3; Doc. 75 p. 4].

The Government filed two responses [Docs. 66 & 85] to Defendant's motion. While it first explained the toxicology report had not yet been completed [Doc. 66 p. 1], the Government later filed a supplemental response stating it had received the reports and disclosed the same to Defendant thus making the request moot [Doc. 85 p. 1].

---

[3]     The Government's response also addresses Defendant's requests with respect to information regarding the confidential source mentioned in the search warrant [Doc. 58 p. 7–8]. The Court addresses below Defendant's request for identification of the confidential source.

4

Finally, Defendant moves for disclosure under *Brady*, of a six-photo lineup shown to the confidential source, as stated in the search warrant affidavit [Doc. 70 pp. 1–2]. Defendant states this photographic lineup is material, exculpatory evidence because it was used in support of probable cause to obtain the search warrant executed at his residence [*Id*. at 3]. Defendant further asserts that the Government's failure to disclose the lineup diminishes his ability to attack the search warrant, which if successful, would be dispositive of the case [*Id.*].

In response, the Government first states Defendant's reliance upon Rule 16 is misplaced as the rule does not require disclosure where a defendant believes materials may assist in challenging a search warrant affidavit [Doc. 78 p. 1; *see also* Doc. 58 pp. 6–7]. The Government states *Brady* also does not require disclosure of the photo lineup, as the evidence is not favorable to Defendant [*Id.* at 1]. The Government further describes Defendant's request for disclosure based upon his belief that the evidence would support grounds for a *Franks* hearing as speculative and improper to warrant further discovery [*Id.* at 1–2]. In his reply, Defendant states that his prior elbow counsel told his investigator "there is no six-photo line-up" [Doc. 86 p. 3]. He disputes the Government's characterization of the lineup as not favorable to him [*id.*] and maintains that the Government has an affirmative duty to provide the lineup as exculpatory evidence so that he can prepare a motion for a *Franks* hearing [*id.* at 2, 6].

The discovery available in criminal cases is generally limited to that provided in: (1) Federal Rule of Criminal Procedure 16; (2) the Jencks Act, 18 U.S.C. § 3500; and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." *Id.* at 87. This rule also extends to evidence that could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154–55 (1972) (holding

that impeachment evidence falls within *Brady* "[w]hen the reliability of a given witness may well be determinative of guilt or innocence").

Rule 16 requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant; the defendant's prior record; certain documents or tangible evidence within the government's possession, custody or control; reports of examinations or tests; and a summary of any expert witness testimony. Fed. R. Crim. P. 16(a). "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). The government is required to produce the statement only after the witness has testified on direct examination. 18 U.S.C. § 3500(a).

In *United States v. Presser*, the Sixth Circuit found that "so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial," the defendant's constitutional rights are not violated. 844 F.2d 1275, 1283 (6th Cir. 1988). Further, the Sixth Circuit observed that "while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." *Id*. at 1281 (internal citations omitted). In this case, the Court's Order on Discovery and Scheduling provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976) (exculpatory evidence), and *United States v. Bagley*, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).

[Doc. 14 ¶ E].

Here, Defendant requests a litany of information and documents far and beyond the limited discovery permitted in criminal cases. And it appears, based on its representations, the Government has complied with its discovery obligations up to this point. Considering Sixth Circuit law and this Court's Order on Discovery and Scheduling, the Court will not compel pretrial discovery where the Government has already conceded that it is aware of its obligations under *Brady* and *Giglio*, and Defendant has failed to establish that any of these rules require disclosure of the requested material at this time, or earlier than proposed by the Government. *See* 18 U.S.C. § 3500(a) ("[N]o statement or report in the possession of the United States which made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); *Presser*, 844 F.2d at 1281 ("'[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.'" (quoting *Bagley*, 473 U.S. at 675)). The Court's Order on Discovery and Scheduling [Doc. 14] also addressed the items requested by Defendant, including when the Government's obligation to disclose arises. The Court, therefore, will not compel discovery where it appears the Government has met its discovery obligations under both Rule 16 and *Brady*, as well as the Court's scheduling Order [Doc. 14].

Regarding Defendant's specific requests, the Government is generally not required to disclose its witnesses or an exhibit list before trial. *United States v. Prince*, 618 F.3d 551, 562 (6th Cir. 2010) (providing that "Rule 16 does not entitle a defendant to pretrial disclosure of the government's exhibit list"); *United States v. Turner*, 91 F. App'x 489, 491 (6th Cir. 2004) (holding a "defendant in a non-capital case . . . is not entitled to know in advance of trial who will testify for the government"). Yet, here the Government states that it "often provides witness and exhibit

7

lists soon before trial and will likely do so here" [Doc. 58 p. 5]. The Government also states it has already provided and will continue to provide impeachment evidence for its witnesses, such as criminal history and prior inaccurate statements, "evidence of reputation for untruthfulness," and incentives or promises [*Id*. at 4].

Defendant's request for all personnel files of law enforcement officers, agents, and employees is overly broad and unavailing because Defendant fails to show the materiality of such evidence. *United States v. Valentine*, No. 94-6195, 1995 WL 390322, at *4 (6th Cir. June 30, 1995) (observing defendant is not entitled "to officers' personnel files by simply asserting the hope that he could find evidence to 'cast doubt on their credibility'" (quoting *United States v. Driscoll*, 970 F.2d 1472, 1482 (6th Cir. 1992), *abrogated on other grounds by Hampton v. United States*, 191 F.3d 695 (6th Cir. 1999)). Nevertheless, the Government "anticipates surveying relevant investigative agencies for impeachment information of law enforcement trial witnesses and providing any such information to [Defendant] as required in time for his effective use at trial" [Doc. 58 p. 5].

Regarding Defendant's request for the photo lineup referenced in the search warrant affidavit, the Government asserts that this information is not exculpatory and that Defendant's assertions that the affidavit's reference to the lineup is somehow false is speculative.[4] While the Court agrees that Defendant has not established that the photographic lineup is either exculpatory or material to a *Franks* motion, the Court's Order on Discovery and Scheduling requires that "[u]pon request, the government shall state whether the defendant was identified in any lineup,

---

[4]    Moreover, the Court questions whether the identification of Defendant based upon a photographic lineup is material to probable cause for the search warrant because the confidential informant engaged in controlled buys with Defendant, which unquestionably established Defendant's identity as the informant's cocaine supplier regardless of the sufficiency of the lineup [*See* Doc. 58-1 ¶ 6].

show up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom" [Doc. 14 ¶ G]. Accordingly, to the extent that the photo lineup shown to the confidential informant was retained by law enforcement, the Government shall disclose it to Defendant.

Accordingly, the Court **DENIES** Defendant's Omnibus Motion for All Exculpatory Evidence and Impeachment Evidence [**Doc. 56**]. Defendant's Motion to Compel the Government to Disclose Six Photo Line-up Shown to Confidential Source and All Favorable Evidence [**Doc. 70**] is **GRANTED in part**, in that the Government shall disclose the photo lineup referenced in the search warrant affidavit. With respect to Defendant's motion seeking drug toxicology reports, because the Government explained those reports were disclosed after testing was completed, this motion [**Doc. 63**] is **DENIED as moot**.

### B. RULE 404(b) EVIDENCE [Doc. 57]

Defendant requests an order directing the Government to disclose all evidence it intends to offer pursuant to Federal Rule of Evidence 404(b) [Doc. 57 p. 1]. Defendant anticipates the Government will attempt to introduce evidence falling within the purview of Rule 404(b), and he requests disclosure of such evidence to allow him the opportunity to address the admissibility of the evidence pretrial to avoid unfair prejudice [*Id.* at 2].

The Government responds that Defendant's request is unnecessary as the Court's Order on Discovery and Scheduling [Doc. 14] requires it to notify and disclose 404(b) evidence to Defendant fourteen days before trial [Doc. 58 p. 5]. The Government acknowledges its duty to disclose and states it will comply with Rule 404(b) and the Court's Order should it seek to introduce any such evidence at trial [*Id.*].

9

Federal Rule of Evidence 404(b)(3) requires the government to do the following in a criminal case:

> (A) provide reasonable notice of any [other crime, wrong, or act] evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) to so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).

The Court's Order on Discovery and Scheduling states that "reasonable notice" under Rule 404(b) is deemed to be fourteen days before trial unless the Court orders otherwise [Doc. 14 ¶ I]. Consistent with the Government's representations, the Court expects it will comply with the Court's Order on Discovery and Scheduling and make the necessary disclosures under Federal Rule of Evidence 404(b) and the scheduling Order when appropriate. Given the Government's deadline to disclose the evidence Defendant seeks has not expired, Defendant's motion [**Doc. 57**] is **DENIED**.

### C. REVEAL CONFIDENTIAL SOURCE [Doc. 64]

Pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), Defendant next asks the Court to "compel the Government to reveal the identity of the confidential informant" discussed by the affiant in the application for the search warrant that resulted in Defendant's arrest, [Doc. 64 pp. 1–2]. Defendant contends the holding in *Roviaro* supports the identification of the confidential informant under the facts of his case, which include controlled buys by the informant, because "the confidential informant was a material witness to the drug transaction[s]" [*Id.* at 2–3 (citing *Roviaro*, 353 U.S. at 61)]. Defendant points out the absence of any video or audio recordings of

10

the controlled buys, audio recordings of the telephone calls to arrange the controlled buys, or seizure of "marked money" used in the controlled buys [*Id*. at 4]. In the absence of this evidence, he states a "high possibility" exists that the information on the controlled buys was "false and misleading" and from an ex-girlfriend, which he says supports disclosure of the informant's identity [*Id.*].

The Government asks the Court to deny the request to reveal the identity of the confidential informant because the identity of the confidential informant is privileged and Defendant does not show how the informant's identity would substantively assist his defense [Doc. 67 p. 1]. The Government agrees that the informant conducted controlled buys from Defendant but points out Defendant is not charged with distribution based on those buys, but, instead, he is charged with crimes arising from evidence seized during a search of his residence [*Id.* at 1–2]. The Government maintains that because the informant only provided information that led to the search warrant, the informant was not a witness to the crimes Defendant is charged with committing and, thus, the informant's identity should not be revealed [*Id.* at 2].

In his reply, Defendant expands his request for the identity of the confidential informant, who participated in the controlled buys discussed in the affidavit, to also ask for the identity of the "human source" who allegedly provided information to law enforcement in late 2024 that Defendant sold cocaine and resided at the Skyline Drive residence [Doc. 74 p. 2; *see* Doc. 58-1 ¶ 2 (Affidavit of Detective Brandon Stryker)]. Defendant says he wants to know if the confidential informant and the human source are the same person [Doc. 74 p. 2]. Defendant reiterates his arguments for disclosure raised in his initial motion [*Id*. at 1–3]. Citing *Illinois v. Gates*, 462 U.S. 213 (1982), Defendant asserts the affidavit fails to substantiate the reliability or credibility of either the confidential informant or the human source and, without this information, the affidavit does

11

not show a nexus between his residence and drug trafficking [*Id.* at 4]. He requests the Court compel the Government to reveal the identity of both the confidential informant and the human source "to protect [his] due process rights and [his] speedy trial rights" [*Id.* at 5].

As a general rule, the government is not required to disclose the names of its witnesses before trial. *United States v. Davis*, 306 F.3d 398, 420 (6th Cir. 2002) (citation modified). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*Roviaro*, 353 U.S. at 59 (citation modified).

This privilege is limited by the requirement that criminal trials be fundamentally fair. *Id.* at 60. In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." *Id.* at 60-61. "A court must balance public interest against the defendant's right to prepare his defense, the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *United States v. Flowers*, 712 F. App'x 492, 507 (6th Cir. 2017) (citation modified). Also relevant to the Court's balancing inquiry is the informant's degree of involvement in the alleged offenses. *United States v. Sharp*, 778 F.2d 1182, 1186 n.5 (6th Cir. 1985 (observing disclosure may be required when an informant is an "active participant in the events underlying the defendant's potential

criminal liability" and is usually not required when the informant is a "mere tipster or introducer"). Finally, danger to the life of the informant is entitled to significant weight in the balance. *Flowers*, 712 F. App'x at 507; *United States v. Jackson*, 990 F.2d 251, 255 (6th Cir. 1993). "The defendant has the burden to show how disclosure of the informant would substantively assist his defense." *Flowers*, 712 F. App'x at 507 (citation omitted & modified).

Here, the Government has the informer's privilege. Therefore, Defendant must show the confidential informant's identity is relevant and helpful to his defense. Defendant says he needs the identity of the informant because the informant was a "material witness" to the drug transactions [Doc. 64 p. 3]. But Defendant does not face a charge of engaging in a drug transaction or distributing drugs in this case, nor is he charged with drug distribution related to the controlled buys conducted by the confidential informant [*See* Doc. 8]. *See* Jackson, 990 F.2d at 255 (denying disclosure of informant's identity when the informant was not a participant in the charged offenses and was not in the apartment when the defendant was arrested and when defendant "was not charged in relation to the controlled sale to the informant"). Defendant is charged with two counts of drug possession [Doc. 8]. Therefore, the confidential informant's testimony would not be relevant to the drugs found in Defendant's house. As the Government highlighted in its response [Doc. 67 pp. 1–2], providing information used to secure a search warrant that led to charges does not require the disclosure of a confidential informant. *See United States v. Ray*, 803 F.3d 244, 274 (6th Cir. 2015) (explaining disclosure not required where an informant only "supplied the information to law enforcement that ultimately led to a fruitful search") (citation omitted)). With regard to the human source, Defendant does not even argue that he or she witnessed any drug transactions.

The law requires Defendant to show how the disclosure of the informant's identity will substantively assist his defense of the charged offenses, and he has failed to make such a showing. The Court therefore determines disclosure of the informant's identity is not appropriate. Accordingly, Defendants' motion to reveal confidential informant's identity [**Doc. 64**] is **DENIED**.

## II.    DEFENDANT'S UNTIMELY MOTIONS

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Motions requesting the provision of discovery under Federal Rule of Criminal Procedure 16 must be raised pretrial. Fed. R. Crim. P. 12(b)(3)(E). Rule 12 recognizes the court's authority to set and extend or reset a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)-(2). If a party fails to file a pretrial motion timely, the Court has discretion to decline to consider the motion or to permit the untimely motion, if the party shows "good cause" for the untimely filing. Fed. R. Crim. P. 12(c)(3).

"Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citing *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id.* (quoting *Walden*, 625 F.3d at 965). "The Sixth Circuit rejects improvident strategy as a reason to excuse a tardy defensive motion." *United States v. Campos*, No. 5:17-CR-55-DCR-REW, 2018 WL 1406614, at *3 (E.D. Ky Feb. 23, 2018) (finding defense counsel pursued plea negotiations, allowing the motion deadline to expire, as a matter of strategy), *adopting report & recommendation* 2018 WL 1406614 (E.D. Ky. Mar. 13, 2018). When determining the potential prejudice from a late-filed motion, the

14

Court considers "all interests in the particular case," including those of the Court and the public. *Trujillo-Molina*, 678 F. App'x at 339 (citation modified).

Here, the final deadline for filing pretrial motions was October 23, 2025, after the undersigned granted several extensions [Doc. 62 p. 2].[5] In denying Defendant's sixth request to extend the deadline beyond October 23, the undersigned explained that if Defendant discovered a pretrial motion he could not have previously filed by the deadline, he may move for leave and show good cause for the belated filing [Doc. 96 p. 4].

On November 4, 2025, Defendant filed a motion to exclude the testimony of "all officers [who were] involved in the investigation" [Doc. 82] because they are "Giglo-impaired." On November 13, 2025, he filed a motion to produce and authenticate the pole camera video footage and "all other favorable digital evidence" [Doc. 93], a second motion to disclose the identity of the confidential informant [Doc. 94], and a motion for disclosure of all laboratory reports along with all testing data and chain of custody records, the audio and video recordings of the controlled buys, surveillance logs, payment records for the confidential informant, "marked money logs," and "full" extraction reports for electronic devices [Doc. 95]. These four motions were filed without leave and after the expiration of the October 23, 2025 pretrial motion deadline [Docs. 82, 93, 94, & 95].[6] Defendant provides no explanation for the belated filing of these motions, much less a statement of good cause. He offers neither a reason for his delay in filing these motions nor a statement

---

[5]    A full discussion of the chronology of the deadline for filing pretrial motions is contained in the Court's Memorandum and Order of November 14, 2025 [Doc. 94 p. 3].

[6]    Although Defendant filed these motions before the Court's Memorandum and Order [Doc. 96] denying extension of the pretrial motion deadline and requiring leave for further pretrial motions, Defendant did not provide good cause for these late motions in his reply briefs [*See* Docs. 107 & 121]. Defendant sought leave to file his last discovery motion [Doc. 105]. The Court discusses that Motion separately from the untimely motions without requests for leave.

15

regarding potential prejudice. Defendant's motions include no statements suggesting the subject matter of the motion was recently discovered. Accordingly, Defendant fails to provide a legitimate explanation for the untimely filing of these motions.

Defendant will also not be unduly prejudiced by the Court denying review of his untimely motions. Defendant's Motion to Compel Disclosure or In Camera Review of Confidential Source [Doc. 94] repeats requests already included in a timely pretrial motion [*see* Doc. 64]. Defendant's Motion to Exclude All Testimony from *Giglio* Impaired Officers/Agents at Trial [Doc. 82] is more appropriately addressed as a motion *in limine* and is premature at this phase of the case. And with regard to the specific items of discovery requested, the Government confirms it has complied with its discovery obligations [Doc. 104 p. 1]. To the extent Defendant believes an issue has not been addressed, he can file a motion for leave to raise that issue providing a statement of good cause.[7]

On December 1, 2025, Defendant filed a Motion [for] Leave and [to] File Late File Pre-Trial Motion to Compel K-9 Discovery and All Favorable Evidence [Doc. 105] and the associated Motion to Compel K-9 Stop Discovery [Doc. 106]. Defendant seeks leave to file the motion to compel, which requests information regarding the traffic stop and subsequent K-9 search of the confidential informant's vehicle [Doc. 105 p. 4; Doc. 106 p. 2]. Defendant concedes his motion is filed after the expiration of the pretrial motion deadline [Doc. 105 p. 2]. He argues, however, that he has good cause for filing this motion late [*Id.* at 1]. Defendant explains the background of his requests for extensions of the pretrial motion deadline, and he also highlights the fact that he has been representing himself since September 2025 [*Id.* at 2]. Defendant also argues he would be

---

[7]     On December 11, 2025, Defendant filed a reply to the Government's consolidated response to his late motions pointing out perceived technical errors with the response but not addressing its substance [Doc. 121].

prejudiced by the Court's refusal to grant leave for this late-filed motion because it would impact his ability to challenge the traffic stop and search of the informant's vehicle [*Id*. at 3–4].

As stated above, the Court granted several extensions of Defendant's pretrial motion deadline before declining to extend for the sixth time in November 2025 [Doc. 96]. The undersigned also cautioned Defendant about the difficulty of representing oneself [Doc. 51 p. 3]. Neither the Court's denial of Defendant's request to extend the deadline, nor his pro se status qualifies as good cause for the Court to hear Defendant's late-filed motion. The Court also finds no danger of prejudice to Defendant with respect to this motion, which seeks to challenge the traffic stop of a confidential informant, not a stop of Defendant. Defendant lacks standing to challenge the search of the confidential informant's car in which he has no proprietary or possessory interest. *See United States v. Russell*, 26 F.4th 371, 375 (6th Cir. 2022) ("[S]tanding is 'an element' of a Fourth Amendment suppression claim" and a "defendant bears the 'burden' of showing he [or she] has standing."); *United States v. Talley*, 275 F.3d 560, 563 (6th Cir. 2001) (holding a defendant challenging a search has the burden of demonstrating his or her legitimate expectation of privacy in the location). Moreover, Defendant is not charged with drugs found in the confidential informant's car. Given that Defendant fails to show good cause or prejudice, Defendant's Motion [for] Leave and [to] File Pre-Trial Motion to Compel K-9 Discovery and All Favorable Evidence [**Doc. 105**] is **DENIED**, and the undersigned declines to entertain Defendant's Motion to Compel K-9 Stop Discovery [**Doc. 106**], which is **DENIED** as untimely and filed without leave.

For the reasons discussed above, Defendant's untimely pretrial motions [**Docs. 82, 93, 94, 95 & 105/106**] are **DENIED**.

17

## VI. CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

1. Defendant's Omnibus Motion for All Exculpatory Evidence [and] Impeachment Evidence [**Doc. 56**] is **DENIED**;

2. Motion for Notice and Disclosure of Any Rule 404(B) Evidence the U.S. Seeks to Introduce at Trial [**Doc. 57**] is **DENIED**;

3. Motion to Compel Discovery Under Rule 16 of the Federal Rules of Criminal Procedure for the Government to Produce and Turnover Drug Toxicology Report to the Defendant [**Doc. 63**] is **DENIED**;

4. Motion to Reveal Informant's Identity [**Doc. 64**] is **DENIED**;

5. Defendant's Motion to Compel the Government to Disclose Six Photo Line-Up Shown to Confidential Source and All Favorable Evidence [**Doc. 70**] is **GRANTED in part**, in that the Government shall disclose the photo lineup referenced in the search warrant affidavit;

6. Motion to Exclude All Testimony from Giglio Impaired Officers/Agents at Trial [**Doc. 82**] is **DENIED**;

7. Motion to Preserve and Authenticate Digital Evidence [**Doc. 93**] is **DENIED**;

8. Motion to Compel Disclosure or in Camera Review of Confidential Source Technically Confidential Informant [**Doc. 94**] is **DENIED**;

9. Rule 16 Motion to Compel Discovery (Lab, Chain of Custody Records) (Marked Money) [**Doc. 95**] is **DENIED as moot**; and

10. Motion to Leave and File Late Filed Pretrial Motion to Compel K-9 Discovery and All Favorable Evidence [**Doc. 105**] is **DENIED**, and the Court declines to entertain Defendant's Motion to Compel K-9 Stop Discovery [**Doc. 106**], which is **DENIED** as untimely and filed without leave.

**IT IS SO ORDERED**.

ENTER:

*Debra C. Poplin*

Debra C. Poplin
United States Magistrate Judge

18