| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:25-CR-48-TAV-DCP |
| | ) | |
| BRYAN HARDISON, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This criminal case is before the Court on defendant's Objection to Memorandum and Order [Doc. 108], in which he objects to United States Magistrate Judge Debra C. Poplin's order [Doc. 96] denying his Motion to Extend Pre-trial Motion Deadline [Doc. 68] and Motion for Appointment and Funding of Digital Forensics Expert [Doc. 77]. The government has responded in opposition [Doc. 127], defendant replied [Doc. 135], and this matter is now ripe for review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons below, defendant's objection [Doc. 108] is **DENIED**.

For this Court to overturn a magistrate judge's decision on non-dispositive pretrial matters, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc*., 940 F.3d 205, 219 (6th Cir. 2019) (internal citations omitted). A legal conclusion is contrary to law if "it fails to apply or

misapplies relevant statutes, case law, or rules of procedure." *Id*. (internal citations omitted).

### Extension of the Pretrial Motion Deadline

On October 16, 2025, defendant filed his Motion to Extend Pretrial Motion Deadline, in which he sought to extend the pretrial motion deadline by 60 days [Doc. 68]. In support, defendant stated that he "needs additional time to investigate due to [the] voluminous amount of pole camera recording[]s and digital copie[]s of content of four cellphone[]s" [*Id.* at 1]. Additionally, defendant submits that he has reviewed some of the footage with his private investigator who allegedly made an "oral report and recommendation" [*Id.* at 2].

Judge Poplin denied the motion and found that defendant failed to show good cause for extending the pretrial motion deadline [Doc. 96, p. 3]. Judge Poplin stated that she extended the initial pretrial motion deadline five times, twice while defendant was representing himself [*Id.* at 3]. Moreover, Judge Poplin noted that defendant had access to the pole camera video recording for approximately four months while represented by counsel, and defendant acknowledged that he began reviewing the footage with his investigator on September 22, 2025 [*Id.*]. Judge Poplin also observed that defendant obtained the search warrant affidavit and documents from his elbow counsel before September 24, 2025 [*Id.*]. Finally, Judge Poplin stated that defendant argued that he could not file a suppression motion due to the government's failure to provide information, yet he "demonstrated his ability to file a pretrial suppression motion . . . by improperly filing a motion for a *Franks* hearing on August 11, 2025, while represented by counsel" [*Id.* at

2

3–4]. As a result, Judge Poplin concluded that defendant "had ample time to file a pretrial suppression motion" [*Id.* at 4].[1]

Defendant objects, arguing that his request for an extension was timely, occurring one week before the pretrial motion deadline [Doc. 108, p. 2]. Moreover, defendant maintains that he has only asked for two extensions of the pretrial motion deadline while pro se, and all other extensions occurred through his prior counsel [*Id.* at 2]. Defendant argues that "[w]hen the defendant is litigating and filing for extensions in a timely manner the district court's job is to give both partys [sic] a fair and timely opportunity to raise they're [sic] evidentiary issues" [*Id.* at 4]. Moreover, defendant contends that "[d]enying a pro se defendant a justified request for a continuance is a constitutional violation when the denial is based on the district court[']s unreasoned and arbitrary need for expediency" [*Id.* at 5].

Further, defendant submits that "[t]he due diligence of production and exculpatory endeavors to file a timely motion to suppress has been a hinderance" due to the intricacies of the case [*Id.* at 2]. Specifically, defendant blames the "government[']s failure to provide and produce . . . things in a timely manner," as well as elbow counsel's failure to "provide technical assistance when desired by the litigant" [*Id.* at 7, 9]. Moreover, defendant alleges that he was "forbidden" from previously filing a suppression motion [*Id.* at 7 (citing Docs.

---

[1] Judge Poplin did, however, note that defendant claimed he had not reviewed all of the evidence with his investigator [Doc. 96, p. 4]. Judge Poplin stated that defendant did not assert that this evidence related to any intended suppression motion [*Id.*]. However, Judge Poplin stated that, if defendant subsequently discovered a pretrial motion that he could not have previously filed by the deadline, he could move for leave to file such motion, but must show good cause for the belated filing and attach a copy of the proposed pretrial motion [*Id.*].

3

35, 36)]. Defendant contends that he will suffer significant prejudice if the Court does not permit him to challenge the search warrant [*Id.* at 4].

Essentially, defendant appears to argue that Judge Poplin's denial of a motion deadline extension is erroneous because his request for such extension was timely. But defendant is not entitled to an extension of any deadline simply because he timely requested an extension. *See* Fed. R. Crim. P. 12(c)(2) (indicating that the Court "*may* extend or reset the deadline for pretrial motions" (emphasis added)); Fed. R. Crim. P. 45(b)(1) (indicating that a deadline *may* be extended on a party's motion upon a showing of good cause); *United States v. Moss*, 73 M.J. 64, 68 (C.A.A.F. 2014) ("Ordinarily, 'may' is a permissive rather than a mandatory term" (citing *United States v. Rodgers*, 461 U.S. 677, 706 (1983))). And contrary to defendant's assertion that Judge Poplin's denial was based on an "unreasoned and arbitrary need for expediency" [Doc. 108, p. 5], the need for expediency in this case stems from balancing defendant's need to prepare for trial with his assertion of his speedy trial rights [*See, e.g.*, Docs. 52, 76, 120, 175].

Moreover, Judge Poplin has extended the pretrial motion deadline five times, twice while defendant was representing himself [Docs. 18, 27, 37, 51, 62]. And the Court agrees with Judge Poplin's determination that defendant did not show good cause for further extension of the deadline [Doc. 96, p. 3]. *See* Fed. R. Crim. P. 12(c)(2), (3). Further, contrary to defendant's argument that he does not have the information necessary to file a suppression motion, defendant acknowledged that he has reviewed the pole camera footage with his investigator, and on September 24, 2025, he stated that he received the search warrant affidavit and documents from his elbow counsel [Doc. 55, p. 1; Doc. 68, p. 2].

4

And as Judge Poplin pointed out, defendant also showed that he could raise suppression issues when he improperly filed a pro se motion for a *Franks* hearing while represented by counsel [*See* Doc. 35; Doc. 96, p. 3–4].  Moreover, defendant has not identified any part of Judge Poplin's order denying his motion for an extension of the pretrial motion deadline that was clearly erroneous or contrary to law.  Thus, defendant's objection on this ground [Doc. 108] is **DENIED**.

**Appointment and Funding of a Digital Forensics Expert**

On October 24, 2025, defendant filed his Motion for Appointment and Funding of Digital Forensics Expert, in which he requests authorization and funding to hire an expert in digital forensics [Doc. 77].  In support, defendant states that he is indigent and the government's discovery consists mainly of "digital video and electronic evidence, including pole-camera footage, body-worn camera recording, and related digital files" [*Id.* at 2].  He submits that "[a] preliminary review [of the government's pole camera footage and body camera recordings] by a licensed private investigator revealed significant discrepancies suggesting potential issues with authenticity, continuity, and completeness of the digital evidence" [*Id.* at 2].  Defendant further asserts that the "investigator documented multiple timestamp inconsistencie[]s between overlay and embedded metadata, sometime[]s differing by minute[]s or hour[]s" and "certain segments appear visually inconsistent, raising concerns of video splicing or compression artifacts inconsistent with continuous recording" [*Id.* at 4].  Defendant attached an unsigned report purporting to be from his investigator, Eddie McCarter [Docs. 77-1, 77-2].  The report states that the investigator and defendant reviewed "pole camera footage, body-worn

camera videos, and related digital discovery stored on a thumb drive" [Doc. 77-1]. The report further alleges that the review led to concern that "certain video evidence may have been digitally altered or inconsistently timestamped" [*Id.*]. The report includes the following alleged issues with the evidence: timestamp discrepancies, potential digital alteration, and unrelated footage of an apartment complex unrelated to defendant's residence [*Id.*; Doc. 77-2]. The investigator's report states that he could not determine if the evidence was altered and this determination "requires specialized forensic software, checksum validation, and expert testimony" [Doc. 77-2].

Judge Poplin denied this motion and found that although defendant is indigent, he has failed to show that a digital forensic expert's services are necessary to his defense [Doc. 96, p. 6]. Judge Poplin observed that defendant does not explain where the thumb drive came from or who copied the video footage onto the thumb drive [*Id.*]. Moreover, Judge Poplin notes that the investigator stated that he is not qualified to discern if the evidence was altered, and the attached report of the investigator was unsigned and unsworn [*Id.*]. Judge Poplin recognized that defendant does not explain how the requested forensics expert would help his defense or how he would be prejudiced if the expert was not provided [*Id.*]. As a result, Judge Poplin determined that defendant's request was speculative and amounted to a "fishing expedition" [*Id.*]

Defendant now objects, rearguing of the alleged inconsistencies observed by the private investigator [Doc. 108, p. 6]. Defendant further submits that additional funding is necessary to raise and address these issues [*Id.* at 7]. Additionally, defendant states that he "is not gaming the system to fund a speculative fish[ing] expedition" [*Id.* at 8].

6

Apart from defendant's general disagreement with Judge Poplin's ruling, defendant again has not pointed to any part of Judge Poplin's order that was clearly erroneous or contrary to law [*See id.*]. Defendant does not appear to object to any of Judge Polin's factual findings [*See id.*]. And defendant has not presented the Court with grounds to rule that the Judge Poplin "fail[ed] to apply or misapplie[d] relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219.

Regardless, the Court agrees that defendant has not shown that the services of a digital forensic expert are necessary to his defense. *See* 18 U.S.C. § 3006A(e)(1) (noting that a defendant requesting the Court to fund expert services must show "that the services are necessary and that the person is financially unable to obtain them"). Rather, the investigator's report stated that he was not qualified to discern if evidenced was altered, it was unsigned and unsworn, and it is unclear where the thumb drive originated [*See* Docs. 77, 77-1, 77-2]. These observations support Judge Poplin's finding that defendant's request amounts to a mere "fishing expedition" [Doc. 96, p. 6]. *See United States v. Howard*, 621 F.3d 433, 447 (6th Cir. 2010) (citation omitted) ("An indigent criminal defendant may not use § 3006A(e)(1) to find a speculative 'fishing expedition'"). Thus, the Court finds that Judge Poplin's denial of defendant's motion for an extension of the pretrial motion deadline was not clearly erroneous or contrary to law. Thus, defendant's objection on this ground [Doc. 108] is **DENIED.**

## Conclusion

For the reasons explained, defendant's objections [Doc. 108] to Judge Poplin's order are **OVERRULED**, and Judge Poplin's well-reasoned decision [Doc. 96], which is hereby incorporated by reference, remains in effect as the ruling of this Court.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

8