UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-48-TAV-DCP |
| | ) | |
| BRYAN HARDISON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Bryan Hardison's pro se Motion to Recuse Judge Poplin [Pursuant to] 28 U.S.C. § 455 (Bias & Conflict) [Doc. 176], filed on April 3, 2026, and referred on April 15, 2026 [Doc. 197]. Defendant, who represents himself with the assistance of elbow counsel, asks that the undersigned recuse herself from further proceedings in this case, alleging she is biased against him [Doc. 176 p. 1]. He questions the undersigned's impartiality contending the undersigned stifled the facts by not permitting hearings or "rush[ing] hearings" and "skewed" his arguments to favor the Government's case [*Id*. at 2–3, 6].  Defendant also summarily contends that the undersigned erroneously and repeatedly ruled in favor of the Government, "refus[ed] routine defense requests without explanation," permitted improper Government evidence while excluding defense evidence, and ignored controlling law cited by the defense [*Id*. at 5]. Finally, Defendant asserts without specification that the undersigned based decisions on "unknown, unreliable, undisclosed evidence" and attributes this to unnamed "ex[ ]parte communications" [*Id*. at 6].

The Government objects to Defendant's motion, stating Defendant fails to carry his substantial burden to demonstrate bias or partiality because a reasonable person would not find the undersigned biased based upon review of her judicial rulings [Doc. 198 p. 1].

The undersigned has considered the parties' arguments and the law and finds no basis to recuse. Accordingly, the Court **DENIES** Defendant's motion for the undersigned to recuse from this case [**Doc. 176**].

## I. BACKGROUND

Defendant Hardison is charged in a Superseding Indictment with possession with intent to distribute 280 grams or more of a mixture or substance containing cocaine base and possession with intent to distribute cocaine [Doc. 193 pp. 1–2]. Defendant was initially represented by a series of attorneys, both court-appointed and retained,[1] but on September 11, 2025, the undersigned permitted Defendant to represent himself and appointed elbow counsel[2] to assist him [Doc. 51 pp. 6–7]. The Court also granted Defendant's request for a private investigator [Doc. 54]. After Defendant began representing himself, the Court twice extended the deadline for pretrial motions from September 15 to October 9 [Doc. 51] and from October 9 to October 23 [Doc. 62] but denied Defendant's request for another sixty-day extension of the motion deadline requiring that Defendant must move for leave and demonstrate good cause to file any additional pretrial motions [Doc. 96 p. 4].

---

[1]   A summary of the history of Defendant's representation by counsel is set out in the Court's Memorandum and Order of March 3, 2026 [Doc. 155 pp. 2–5].

[2]   The Court originally appointed Attorney Laura Davis as elbow counsel [Doc. 51 p. 7] and substituted Attorney Mark Brown as elbow counsel on November 19, 2025 [Doc. 102 p. 3].

Defendant filed nine pretrial motions timely [Docs. 52, 53, 56, 57, 63, 64, 70, 73, & 76],[3] and more than a dozen motions [Docs. 82, 88, 93, 94, 95, 97, 105, 106, 114, 115, 118, & 119, 123, 138, & 157] after the expiration of the October 23 pretrial motion deadline. The undersigned issued a Report and Recommendation [Doc. 145] and several Memorandum and Orders [Docs. 148, 155, 156, & 160] ruling on these motions.[4] Defendant has filed objections [Docs. 150, 152, & 164] to the undersigned's rulings.

On April 3, 2026, Defendant moved to recuse or disqualify the undersigned, alleging bias based upon the undersigned's rulings and procedures [Doc. 176 p. 1]. He alleges that the undersigned has "repeatedly skewed the adjudications of the case by burking the facts of the case" [*Id*. at 2]. He asserts that the undersigned stifled the facts by not permitting hearings or "rush[ing] hearings" and "skewed" his arguments to favor the Government's case [*Id*. at 2–3, 6]. Defendant summarily maintains that the undersigned erroneously and repeatedly ruled in favor of the Government, "refus[ed] routine defense requests without explanation," allowed improper Government evidence while excluding defense evidence, and ignored controlling law cited by Defendant [*Id*. at 5]. Defendant asserts without specification that the undersigned based decisions on "unknown, unreliable, undisclosed evidence" and attributes this to unnamed "ex[ ]parte communications" [*Id*. at 6].

The Government responds in opposition stating a judge is presumed to be impartial and a party seeking recusal bears a heavy burden of rebutting that presumption [Doc. 198 p. 1]. It

---

[3]     This list does not include motions relating to elbow counsel or requests for funding for experts.

[4]     On March 23, 2026, less than a month before trial, Defendant filed another motion for discovery and exculpatory information [Doc. 163]. The undersigned ruled on this duplicate motion by docket Order, denying it as "untimely, filed without leave or a showing of good cause, and duplicat[ing] issues already raised and denied by the undersigned" [Doc. 165].

3

maintains Defendant fails to carry this burden here because his allegations of bias are based upon the undersigned's rulings [*Id*. at 2–3]. The Government observes that Defendant points to no "extreme comment displaying a deep-seated antagonism toward him" and avers that no such comment or evidence exists [*Id*. at 3]. It asserts that denial of Defendant's meritless motions does not reflect bias and that Defendant's remedy for his disagreement with the rulings lies in seeking review by the District Judge or on appeal [*Id*.].

Given the nearness of the April 21 trial date, the undersigned finds the matter is now ripe for determination. *See* E.D. Tenn. L.R. 7.1(c) ("Unless otherwise stated by the Court, reply briefs are not necessary and are not required by the Court.").

## II. ANALYSIS

A federal judge "'is presumed to be impartial.'" *PNC Equipment Fin. v. Mariani*, 758 F. App'x 384, 391 (6th Cir. 2018) (quoting *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007)). Nevertheless, a judge must disqualify herself from "any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," § 455(b)(1). The party moving for recusal shoulders the burden of demonstrating disqualification is necessary. *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (citing *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999)). Conclusory statements regarding partiality are insufficient to carry that burden. *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990) ("[C]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for [a judge's] disqualification." (citation omitted)).

The presence of bias does not turn upon the subjective views of a party, but instead, an objective standard applies: "a judge must disqualify himself 'where a reasonable person with

4

knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Burley*, 834 F.3d at 616 (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (citation omitted)). Thus, Defendant "is required to show that an objectively reasonable person, knowing all of the relevant facts and circumstances in this case, would believe that [the undersigned] is personally biased or prejudiced against him." *United States v. Greene*, Nos. 4:05–cr–15, 4:10–cv–15, 2013 WL 5488653, at * 31 (E.D. Tenn. Sept. 30, 2013) (citing *Consolidated Rail Corp.*, 170 F.3d at 597).

Under § 455, recusal must be based upon "extrajudicial conduct rather than on judicial conduct" and upon a personal bias, rather than the judge's view on or application of the law. *Consolidated Rail Corp.*, 170 F.3d at 597 (citation omitted); *Greene*, 2013 WL 5488653, at *32 (observing bias or prejudice requiring recusal requires a source apart from or an opinion or action based on something other than what the judge learned while participating in the case) (citing *Liteky v. United States*, 510 U.S. 540, 550–52 (1994) (discussing the "extra judicial source doctrine")). A party's demonstration of bias cannot be based entirely on what the party deems "erroneous judicial decisions." *Id*.

Defendant moves to disqualify the undersigned because he is dissatisfied with the undersigned's rulings. Defendant specifically mentions that the Court denied his requests for hearings on some matters or "rushed" some hearings. All of Defendant's allegations of partiality and bias relate to judicial, rather than extrajudicial, conduct. Defendant's disagreement with the undersigned's rulings is not a basis for recusal. *See Consolidated Rail Corp.*, 170 F.3d at 597 Additionally, Defendant's assertion that the undersigned relied on ex parte communications is conclusory. Conclusory statements are not sufficient to show bias or partiality. *General Aviation,*

5

*Inc.,* 915 F.2d at 1043. Accordingly, the undersigned finds Defendant fails to carry his burden of demonstrating partiality or bias.

## III.     CONCLUSION

The undersigned finds no basis to recuse, and **ORDERS** as follows:

(1) Defendant's pro se Motion to Recuse Judge Poplin [Pursuant to] 28 U.S.C. § 455 (Bias & Conflict) [**Doc. 176**] is **DENIED**; and

(2) the Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Hardison at his place of detention.

**IT IS SO ORDERED**.

ENTER:

Debra C. Poplin
United States Magistrate Judge

6