UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:25-CR-48-TAV-DCP-1 |
| | ) | |
| BRYAN HARDISON, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This criminal matter is before the Court on defendant Bryan Hardison's pro se objection [Doc. 164] to United States Magistrate Judge Debra C. Poplin's order [Doc. 155], as well as defendant's pro se "Emergency Motion for Immediate Release from Custody in [sic] Pursuant to 18 U.S.C. § 3164; Violation of the 90 Day Rule" [Doc. 174] and "Motion to Dismiss for Violation of the 6th Amendment and the Speedy Trial Act 18 U.S.C. [§] 3161 and the 70 Day Clock" [Doc. 175].  All of these pro se filings [Docs. 164, 174, 175] relate to defendant's assertions that his speedy trial rights have been violated.  The government has responded to the latter two motions [Doc. 187] but has not responded to defendant's objections to the magistrate judge's order, and the time for doing so has passed.  *See* E.D. Tenn. L.R. 7.1(a). Accordingly, these matters are ripe for the Court's review.  For the reasons set forth below, defendant's objection [Doc. 164] will be **OVERRULED**, the magistrate judge's order [Doc. 155] will be **AFFIRMED**, and defendant's pro se motions [Docs. 174, 175] will be **DENIED**.

## I.      Background

In October 2025, defendant filed a "Motion to Demand a Fast and Speedy Trial" [Doc. 76], in which he stated that he was "excercising [sic] / asserting his 6th amendment speedy trial

right," but did not request any specific relief [*Id.* at 2–3]. A few weeks later, defendant filed a "Motion for Defendant to Assert his Statutory Right to the 90 Day Rule 18 U.S.C. § 3164(c)" [Doc. 88], in which he stated that he was "excercising [sic] his statutory right to the 90 day rule's elapse," but otherwise did not request any specific relief [*Id.* at 1].

The government responded in opposition [Docs. 80, 101]. The government noted that the trial of this case had been continued three times, all at defendant's request [Doc. 80, p. 1]. Defendant had also filed numerous pretrial motions and requested extensions of his pretrial motions deadline [*Id.*]. The government stated that, based on exclusions of time from defendant's motions to continue, only 27 of the allowed 70 days under the Speedy Trial Act had elapsed [*Id.* at 2]. The government also stated that, pursuant to 18 U.S.C. § 3164(b), counting from the date of arrest, only 36 days had passed, well within the 90-day clock under that section [*Id.* at 2 n.2; Doc. 101, p. 1]. As to defendant's Sixth Amendment speedy trial right, the government noted that the time between arrest and trial will amount to 11 months and 2 weeks, and the Sixth Circuit has stated that other factors are not reviewed unless the delay is longer than one year [Doc. 80, p. 3].

Defendant replied stating that he was merely asserting his speedy trial rights, not moving for a dismissal for a violation of his speedy trial rights, and accused the government of misleading the Court [Doc. 89, pp. 1–2; Doc. 113, pp. 1–2].

Thereafter, defendant filed a "Notice of Defendant's Assertion of Right to Speedy Trial Non-Consent to Any Further Continuances and Objection to Continuances that are on the Docket" [Doc. 120]. Defendant stated that he was asserting his right to a speedy trial and alleged that he had never waived this right [*Id.* at 2]. Defendant stated that he does not consent

to further continuances and objects to and disputes the continuances already on the docket [*Id.*].

Judge Poplin denied defendant's motions [Doc. 155 (denying Docs. 76, 88)]. Judge Poplin set forth the relevant background, as follows:

> On May 5, 2025 . . . the [magistrate judge] issued a Criminal Complaint charging Defendant with possession of 280 grams or more of cocaine base with intent to distribute . . . . Defendant was arrested on May 5, 2025. At Defendant's May 6, 2025 initial appearance . . . , the undersigned appointed Assistant Federal Defender Jonathan Moffatt . . . as counsel.
>
> On May 7, 2025, a Grand Jury charged Defendant by Indictment with possession with intent to distribute 280 grams or more of a mixture or substance containing cocaine base . . . and possession with intent to distribute 500 grams or more of a mixture or substance containing cocaine. . . . On May 14, 2025, the Court held an initial appearance and arraignment on the Indictment and set the case for trial on July 15, 2025. On June 10, 2025, Attorney Moffatt moved to continue the trial and pretrial motion deadline, stating as grounds that he needed time to meet with Defendant on supplemental discovery and his research relating to pretrial motions. The undersigned granted this motion, continued the trial to September 23, 2025, and extended the June 10 pretrial motion deadline to July 17, 2025. The Court found the time between the filing of the motion to continue on June 10, 2025, and the new trial date was fully excludable under the Speedy Trial Act because "the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial[.]"
>
> In mid-July 2025, Defendant retained Attorneys Gregory P. Isaacs and Ashlee B. Mathis . . . , who filed a Notice of Appearance, but they subsequently withdrew their Motion for Substitution of Counsel . . . . Attorney Moffatt, who remained counsel of record, moved to reopen and extend the pretrial motion deadline for four weeks . . . . Attorney Moffatt stated that he and Defendant agree that pretrial motions, . . . should be filed but additional time is needed . . . . The Court granted this motion and reopened and extended the pretrial motion deadline to August 14, 2025.
>
> On July 23, 2025, Defendant filed a pro se motion requesting substitute counsel . . . . Defense counsel filed a Motion to Review Attorney/Client Relationship on July 29, 2025. On August 6, 2025, Attorneys Wade V. Davies and Georgia A. Miller . . . , entered a Notice of Appearance as counsel of record for Defendant, stating he retained them . . . . Attorney Davies simultaneously filed a Motion to continue the trial and the pretrial motion deadline "to provide new counsel the adequate time to obtain and review discovery, discuss the case with

the client, and provide effective assistance of counsel in the preparation of any pretrial motions[.]" . . .

The Court also granted a trial continuance to November 4, 2025, and extended the pretrial motion deadline to September 15, 2025. The Court again found that the ends of justice furthered by granting the continuance outweighed the interest of Defendant and the public in a speedy trial and excluded all time between the filing of the motion to continue on August 6, 2025, and the new trial date of November 4, 2025.

On August 17, 2025, Attorneys Davies and Miller filed a motion to withdraw as counsel, which the Court granted . . . . At the August 25 hearing, Defendant initially expressed his desire to represent himself, but the Court asked that he accept appointed counsel to further discuss his case and take time for thoughtful consideration of his request to proceed pro se. The Court appointed . . . attorney Laura Davis as counsel of record for Defendant.

Shortly after this substitution, Attorney Davis filed an Unopposed Motion to Continue Trial and All Associated Deadlines and a Motion for *Faretta* Hearing. Following a *Faretta* hearing on September 11, 2025, the [magistrate judge] found Defendant knowingly and voluntarily waived his right to counsel and permitted Defendant to represent himself. The Court also continued the trial to April 21, 2026, observing Defendant, who now represents himself, needs time to review and evaluate discovery, consider pretrial motions, and otherwise prepare for trial. The Court also extended the pretrial motion deadline to October 9, 202[5]. In granting this ends-of-justice continuance, the [magistrate judge] found all time between prior counsel's and Defendant's motions filed on August 29, 2025, and the new trial date of April 21, 2026, was fully excludable under the Speedy Trial Act.

. . . .

On October 1, 2025, Defendant moved to again extend his pretrial motion deadline to allow him to complete review of discovery with his investigator and to prepare pretrial motions. The Court found a short extension of the pretrial motion deadline was appropriate and extended the deadline to October 23, 2025. On October 16, 202[5], Defendant moved for a sixty-day extension of his pretrial motion deadline . . . . The [magistrate judge] denied this sixth request to extend the motion deadline. . . . Throughout the proceedings, the Court extended the pretrial motion deadline five times at Defendant's request. The last deadline for pretrial motions expired on October 23, 2025.

[*Id.* at 2–7 (citations and footnotes omitted)].

Judge Poplin noted that defendant had not stated any remedy or relief he was seeking [*Id.* at 10]. As to the Speedy Trial Act, Judge Poplin concluded that only 36 days of non-excludable time had elapsed from the time of defendant's arrest [*Id.*]. Judge Poplin observed that, in a recent filing, defendant appeared to revoke his prior agreement to trial continuances, but Judge Poplin found that filing unavailing [*Id.* (citing Doc. 120)]. Specifically, Judge Poplin stated that defendant had filed more than 30 pro se motions, some of which remained pending, and the resolution of those motions provided another ground for excluding the delay of the trial date [*Id.*]. Regarding defendant's right to a speedy trial under the Sixth Amendment, Judge Poplin relied on the fact that defendant would not have been detained for one year by the time of his then-scheduled April 21, 2026, trial date [*Id.*]. Accordingly, Judge Poplin determined there was no speedy trial violation [*Id.*].

Defendant now objects to Judge Poplin's order, asserting that all of the continuance requests filed by his prior attorneys were filed without his consent, which he contends amounts to ineffective assistance of counsel and violations of the Rules of Professional Conduct, as well as a violation of his speedy trial rights [Doc. 165, pp. 3–5]. Additionally, defendant contends that the Court did not make appropriate written findings on the record about the grounds for a continuance, as required by 18 U.S.C. § 3161(h)(7) [*Id.* at 5–6]. Defendant suggests that his recent filings asserting his speedy trial rights creates a record that he objected to any past and future trial continuances and never waived his speedy trial rights [*Id.* at 8–9].

While this objection was pending, defendant filed two additional motions regarding his speedy trial rights [Docs. 174, 175]. First, in his "Emergency Motion for Immediate Release from Custody in [sic] Pursuant to 18 U.S.C. § 3164; Violation of 90 Day Rule," defendant argues that he invoked his statutory speedy trial right in November and has never agreed to

5

any ends-of-justice continuances, but rather, only agreed to extensions of the pretrial motions deadlines [Doc. 174, p. 3]. Thus, he asserts that his statutory and constitutional rights were violated under the Speedy Trial Act and the "90-day rule" [*Id.* at 4]. Defendant argues that the government has "diliberately [sic] hampered the defendant in the delay to game and manipulate the speedy trial clock" [*Id.* at 4, 6]. Additionally, defendant suggests that his automatic release from detention is warranted based on these violations [*Id.* at 3].

Second, in his "Motion to Dismiss for Violation of the 6th Amendment and the Speedy Trial Act 18 U.S.C. [§] 3161 and the 70 Day Clock," defendant seeks to dismiss the indictment with prejudice because the totality of the circumstances demonstrate a constitutional violation [Doc. 175, p. 1]. Addressing the *Barker*[1] factors for assessing a constitutional speedy trial claim, defendant alleges that his initial appearance and arraignment were in May 2025, and he has exercised his speedy trial rights and objected to further continuances [*Id.* at 2]. Regarding seriousness of the offense, defendant states that he is not likely to recidivate, is not facing a decades long sentence, does not remain a potential threat to the public safety, and further alleges there is insufficient evidence to convict him [*Id.* at 3].[2] Defendant contends that his assertion of his speedy trial rights is entitled to strong evidentiary weight [*Id.* at 8]. Further, defendant argues that the magistrate judge has failed to properly document findings supporting ends-of-justice continuances [*Id.*].

---

[1] *Barker v. Wingo*, 407 U.S. 514 (1972).

[2] Defendant also rehashes various arguments raised in other motions, including his allegations that he was "usurped" into federal jurisdiction, that a violation of Rule 5(a) occurred, that the search warrant affidavit included falsehoods, exculpatory evidence has not been produced, and a suppression hearing was warranted [Doc. 175, pp. 3–6, 8]. Because the Court has addressed those arguments elsewhere in the record, and because these arguments are not relevant to the speedy trial issues raised by the present motions, the Court declines to further address them here.

6

The government responds to these two motions by relying on Judge Poplin's prior order, which is the subject of defendant's objection, stating that Judge Poplin correctly determined that defendant's speedy trial rights have not been violated, and, since that order, no material facts have changed to support defendant's arguments [Doc. 187, p. 1].

## II.     Analysis

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. CONST. amend. VI.  The Speedy Trial Act requires a district court to dismiss charges unless a defendant's trial begins within 70 days of the filing of the indictment or the defendant's arraignment, whichever is earlier, although this 70-day limitation is subject to certain excludable periods. *United States v. Sutton*, 862 F.3d 547, 554 (6th Cir. 2017) (citing 18 U.S.C. §§ 3161(c)(1), 3161(h)).  "Although the passage of the Speedy Trial Act was in part an attempt by Congress to quantify the [S]ixth [A]mendment right to a speedy trial, the legislation does not purport to be coextensive with that amendment."  *United States v. Howard*, 218 F.3d 556, 563 (6th Cir. 2000) (internal quotation marks and alterations omitted) (quoting *United States v. Gonzalez*, 671 F.2d 441, 443 (11th Cir. 1982)).  As a result, federal courts typically review Sixth Amendment and Speedy Trial Act challenges independently of one another. *United States v. Johnson*, 990 F.3d 661, 666 (8th Cir. 2021).  Nonetheless, the Sixth Circuit has stated that "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated."  *United States v. O'Dell*, 247 F.3d 655, 667 (6th Cir. 2001) (quoting *United States v. DeJesus*, 887 F.2d 114, 116 (6th Cir. 1989).

### A. Speedy Trial Act

As noted, the Speedy Trial Act requires that a trial commence within 70 days of the filing of the indictment or the defendant's appearance before a judicial officer of the court in which the charges are pending, whichever is later. 18 U.S.C. § 3161(c)(1). But the Speedy Trial Act sets forth several periods of time that are excluded from the 70-day period. 18 U.S.C. § 3161(h). Of relevance, the statute excludes any periods of delay resulting from any pretrial motion. 18 U.S.C. § 3161(h)(1)(D). Further, the Speedy Trial Act excludes any period of delay resulting from a continuance granted "at the request of the defendant *or his counsel*" if such was granted on the basis of "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (emphasis added). For such delay to be excludable, however, the court must set forth in the record, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id*. The statute contains specific factors the district court is to consider in granting a continuance under this section. 18 U.S.C. § 3161(h)(7)(B).

As Judge Poplin correctly determined, defendant was indicted on May 7, 2025, and his first counseled motion for a continuance was filed on June 10, 2025, during which 34 days of speedy trial time elapsed [Doc. 8, Doc. 17; *see also* Doc. 155, p. 10]. From June 10, 2025, all time until the scheduled April 21, 2026, trial date was excludable under the Speedy Trial Act, based on defense motions to continue and the magistrate judge's findings that the ends of justice warranted those requested continuances [Docs. 17, 18, 33, 37, 48, 51].[3]

---

[3] Although not a matter before Judge Poplin at the time of the contested order [Doc. 155], the additional time between April 20, 2026, and the currently scheduled trial date of June 2, 2026,

Defendant's primary objection to this determination appears to be his allegation that he never agreed to any trial continuances, and his prior attorneys misrepresented his consent to such. However, "[t]he Speedy Trial Act does not require a defendant's consent to stop the running of the speedy-trial clock." *United States v. Williams*, 753 F.3d 626, 635 (6th Cir. 2014) (rejecting defendant's argument that the district court abused its discretion by granting a motion to continue despite the absence of defendant's signature on the motion); *see also United States v. Stewart*, 628 F.3d 246, 254 (6th Cir. 2010) (noting that "where an attorney seeks a continuance without the client's approval, [the Sixth Circuit] has held that the Speedy Trial Act 'does not require a defendant's consent to the continuance' in order for a judge to be able to grant a motion in furtherance of the ends of justice." (quoting *United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009))); *United States v. Cory Davis*, No. 3:22-cr-106, 2025 WL 2911472, at *19 (E.D. Tenn. Oct. 14, 2025) (rejecting the defendant's argument that the Speedy Trial Act had been violated because his counsel misrepresented his consent to trial continuances).[4] To the extent that defendant claims his prior attorneys' statements that he consented to continuance requests were false, such would be more appropriate raised in the context of an ineffective assistance of counsel claim for post-conviction relief. *See Davis*, 2025 WL 2911472, at *19 (citing *United States v. Tab*, 259 F. App'x 684, 699 (6th Cir. 2007)

---

is excludable under 18 U.S.C. §§ 3161(h)(1)(D), (H), due to defendant's filing of a new pretrial motion on April 20, 2026 [Doc. 208].

[4] To the extent defendant alleges that he only consented to extensions of the pretrial motions deadline and not continuances of the trial date, the Court notes that the filing of pretrial motions is itself a grounds for excluding time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D). Moreover, it is unclear how defendant believes the Court could, logistically, have extended the deadline for pretrial motions up through the final deadline of October 23, 2025 [Doc. 62] (which, notably, defendant later sought to extend further [Doc. 68]), while keeping the trial scheduled for its original date of July 15, 2025 [Doc. 10].

(noting that a claim of ineffective assistance of counsel is properly raised in a post-conviction proceeding brought pursuant to 28 U.S.C. § 2255, where the record regarding counsel's performance can be developed in more detail)).

Defendant further alleges that the magistrate judge did not place sufficient express findings on the record that the ends of justice served by granting the defense continuances outweighed the best interest of the public and the defendant in a speedy trial, as required by 18 U.S.C. § 3161(h)(7)(A). But this contention is belied by the record [*See* Docs. 18, 37, 51]. In the first order granting a continuance of the trial date, from July 15, 2025, to September 23, 2025, Judge Poplin stated:

> Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to conduct legal research about potential pretrial motions, confer with Defendant about the research and discovery-related matters, and otherwise prepare for trial. The Court finds that all of this cannot occur before the July 15, 2025 trial date.

[Doc. 18, pp. 1–2]. In the second order granting a continuance of the trial date, from September 23, 2025, to November 4, 2025, Judge Poplin stated:

> Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to meet with Defendant, review discovery, research, investigate, develop evidence,

10

and otherwise prepare for trial.  The Court finds that all of this cannot occur before the September 23, 2025 trial date.

[Doc. 37, pp. 1–2].  In the third order granting a continuance of the trial date, from November 4, 2025, to April 21, 2026, Judge Poplin stated:

> Based upon the information in the motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).  In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny the Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence.  *See id.* § 3161(h)(7)(B)(i)–(iv).  Defendant Hardison needs more time to review and evaluate discovery, consider pretrial motions, and otherwise prepare for trial.  The Court finds that all of this cannot occur before the November 2, 2025 trial date.

[Doc. 51, pp. 5–6].[5]  Accordingly, Judge Poplin made express findings, on the record, supporting the conclusion that each of these continuances was necessary for the ends of justice.  Because the express findings were made on the record, the time from these motions until the rescheduled trial date was properly excluded for Speedy Trial Act purposes.  *See Davis*, 2025 WL 2911472, at *19.[6]

Finally, defendant appears to allege that he should be automatically released from custody based on a violation of the 90-day deadline in § 3164 of the Speedy Trial Act.  That section relates to trials of "a detained person who is being held in detention solely because he

---

[5] This order appears to contain a typographical error referring to a November 2, 2025, trial date [Doc. 51, p. 6].  However, at that time, the trial was scheduled for November 4, 2025 [Doc. 37].

[6] Notably, since the filing of these motions, the undersigned has sua sponte continued the trial based on defendant's filing of an additional pretrial motion the weekend before trial was set to commence on Tuesday, April 21, 2026 [Doc. 208].  The Court specifically set forth its findings that the time was excludable under the Speedy Trial Act in that written order as well [*See id.*].

11

is awaiting trial[.]" 18 U.S.C. § 3164(a). It provides that the trial of such person "shall commence not later than 90 days following the beginning of such continuous detention[.]" 18 U.S.C. § 3164(b). However, "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." *Id.* The 90-day time frame under this section would begin on May 5, 2025, when defendant was first arrested in this case [Doc. 2]. That date was two days prior to the indictment on May 7, 2025, and therefore, a total of 36 days elapsed before the filing of defendant's first motion to continue [Doc. 17]. But, for all the reasons discussed *supra*, the remaining time has all been excludable under § 3161(h) of the Speedy Trial Act, and, accordingly, is also excludable for purposes of § 3164's 90-day deadline. *See* 18 U.S.C. § 3164(b).

For these reasons, the Court finds no violation of defendant's rights under the Speedy Trial Act.

### B. Sixth Amendment Speedy Trial Right

The constitutional right to a speedy trial generally attaches when a defendant is arrested or indicted, whichever is earlier. *Brown v. Romanowski*, 845 F.3d 703, 712–13 (6th Cir. 2017). The *Barker* factors, as follows, are to be considered in assessing a constitutional speedy-trial claim: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) what prejudice, if any, defendant has suffered. *Barker*, 407 U.S. at 530.

But as Judge Poplin noted in her prior order [*see* Doc. 155, pp. 9–10], a year has not elapsed since defendant's arrest, on May 5, 2026. "'The first factor, length of the delay, is a triggering mechanism'" for purposes of the Sixth Amendment analysis. *Brown*, 845 F.3d at 714 (quoting *United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007)). "A one-year delay

12

is presumptively prejudicial and triggers analysis of the remaining *Barker* factors." *Id.* Because, at the time of the filing of defendant's motions [Docs. 164, 174, 175] a year had not elapsed since his arrest, the Court finds that this factor is dispositive in concluding that no speedy trial violation has occurred, and the Court need not address the remaining *Barker* factors.[7]

Nonetheless, for the sake of completeness, the Court will briefly address the remaining factors. The second factor, the reason for the delay "considers who is most at fault—the government or the defendant." *Brown*, 845 F.3d at 714. As the Court has explained previously, up through April 21, 2026, all of the trial continuances in this case were granted at the request of defendant [*See* Docs. 17, 18, 33, 37, 48, 51]. And the recent sua sponte continuance [Doc. 208] was premised on defendant's filing of a new pretrial motion the weekend before trial was scheduled to commence on Tuesday [Doc. 205]. Accordingly, it appears that the reason for the delay is defendant's requests for delay and his belated filings, rather than any fault attributable to the government. This factor weighs against defendant.

Turning to the third factor, defendant has repeatedly asserted his right to a speedy trial [*See* Doc. 52, 76, 120]. However, those assertions have only come *after* the three continuances that were previously granted at defendant's request [*See* Docs. 17, 18, 33, 37, 48, 51]. Moreover, the only continuance to occur after defendant's assertion of his speedy trial rights was caused by defendant's filing of a last-minute pretrial motion [*see* Docs. 205, 208], which

---

[7] Again, the Court has recently rescheduled the trial for June 2, 2026, in response to defendant's filing of a new pretrial motion [Doc. 208], resulting in a delay of slightly less than 13 months. However, given the remainder of the *Barker* factors, discussed *infra*, the Court finds no Sixth Amendment violation has occurred.

somewhat undercuts his prior assertion of his speedy trial rights. Accordingly, this factor is neutral, at best, in the Court's weighing of the factors.

Finally, prejudice "should be assessed in the light of three interests: (1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern, and (3) to minimize damage to the defense." *Brown*, 845 F.3d at 716 (internal quotation marks omitted) (citing *Barker*, 407 U.S. at 532). Here, defendant raises no specific arguments of how he has been prejudiced by the delay in trial. And "when the government prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced *with specificity* will not make out a speedy trial claim no matter how great the ensuing delay." *United States v. Young*, 657 F.3d 408, 418 (6th Cir. 2011) (internal alterations and quotation marks omitted) (emphasis in original) (quoting *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000)). Accordingly, the Court finds that this factor does not support defendant.

Reviewing all of the *Barker* factors the Court finds no support for a conclusion that defendant's Sixth Amendment speedy trial right has been violated.

## III. Conclusion

For all these reasons, defendant's objection [Doc. 164] is **OVERRULED**, the magistrate judge's order [Doc. 155] is **AFFIRMED**, and defendant's pro se motions [Docs. 174, 175] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

14