IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:25-CR-48-TAV-DCP |
| v. | ) | |
| | ) | |
| BRYAN HARDISON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Bryan Hardison's Motion to Compel Production and Preservation of State Court Affidavit, Search Warrant, Sworn Testimony, and Preliminary Hearing Materials [Doc. 228]. District Judge Thomas A. Varlan referred this motion to the undersigned for disposition or recommendation as appropriate [Doc. 230]. *See* 28 U.S.C. 636(b). Defendant Hardison represents himself with the assistance of elbow counsel, after the undersigned found Defendant knowingly and voluntarily waived his right to counsel in a *Faretta* hearing on September 11, 2025 [Doc. 51 pp. 3–4, 6].

In the instant motion, Defendant Hardison requests an Order requiring production by the Government of "state origin materials" connected to the search warrant, probable cause finding and preliminary hearing, and any records of those proceedings [Doc. 228 pp. 1–3]. Defendant states the Government appears to rely on state probable cause materials, which are central to his defense because they may bear on probable cause, suppression, *Franks* issues, informant reliability, *Brady*/*Giglio* disclosure,[1] impeachment, the legality of the search, the basis for federal adoption of the case, and whether the Government relies on uncharged conduct to justify the search

---

[1]     Defendant references *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

[*Id.* at 3]. Defendant requests confirmation of the existence of the requested items, as well as production of responsive materials [*Id.* at 4–5]. As authority, Defendant relies on Federal Rules of Criminal Procedure 12 and 16 [*Id.* at 4].

Defendant filed this motion six days before the pretrial conference and eleven days before his trial. Due to the nearness of the trial, the Court finds exceptional circumstances permit determination of this motion prior to the expiration of the response time and without the Government's response. *See* E.D. Tenn. L.R. 7.2.

For the reasons stated below, the Court **DENIES** Defendant's motion [**Doc. 228**].

## I.  ANALYSIS

As an initial basis for denial, Defendant's motion seeking discovery is untimely. The Court set Defendant's pretrial motion deadline of October 23, 2025, after several extensions [Doc. 62 p. 2]. "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Moreover, discovery motions under Rule 16 must be raised pretrial. Fed. R. Crim. P. 12(b)(3)(E). Untimely motions may be permitted where the party shows "good cause" for the untimely filing. Fed. R. Crim. P. 12(c)(3). Good cause requires "an explanation for both the delay and the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citations omitted). As stated above, Defendant's pretrial motions deadline expired on October 23, 2025. Defendant's motion includes neither an explanation for his delay in filing this motion nor an explanation of potential prejudice. Defendant also fails to include the minimum "legitimate explanation for the failure to timely file." *Id.* (citing *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). Accordingly, Defendant fails to provide good cause for the untimely filing of this motion, and it should be denied on that basis alone.

Defendant's motion is also duplicative of prior filings in this case that addressed the same or similar issues raised here [*See* Docs. 156, 165, & 217]. The Court addressed several of Defendant's motions to compel discovery in the Memorandum and Order entered March 3, 2026 [Doc. 156]. There, the Court explained "Defendant has failed to establish that any of the[] rules [governing discovery disclosures] require disclosure of the requested material at this time, or earlier than proposed by the Government" [*Id.* p. 7]. Many of Defendant's requests are duplicative or closely aligned with discovery motions already adjudicated, and as the Court recently reiterated to Defendant, "subsequent filings seeking to re-raise these same arguments will be summarily denied." [Doc. 217 p. 13 (addressing multiple duplicative motions, including a motion to compel production and authentication of discovery); *see also* Doc. 165 (summarily denying Defendant's Motion to Produce Rule 16 Discovery as "untimely, filed without leave or a showing of good cause, and duplicat[ive of] issues already raised and denied by the undersigned)].

Finally, to the extent that any of the requests in this motion are new requests, Defendant has not demonstrated any of the requested information is discoverable under Rule 16. Discovery of documents and tangible items in criminal cases is limited to certain types of materials, including items the Government will use in its case in chief or items in its possession that are material to Defendant's defense. Fed. R. Crim. P. 16(a)(1)(E). The Government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The rule extends to evidence that could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154–55 (1972). The Government must disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record; certain documents or tangible evidence within the government's possession, custody, or control; reports of examinations or tests; and a summary of

3

any expert witness testimony. Fed. R. Crim. P. 16(a). As the Court previously found, the Government has met its discovery obligations under Rule 16 and *Brady*, as well as the Court's Scheduling Order [*see* Doc. 156 p. 7]. Additionally, to the extent Defendant seeks witness statements in the Government's possession, the timing of disclosure of witness statements is governed by the Jencks Act; therefore, statements of the Government's witnesses need not be disclosed until the witness testifies on direct examination. *See* 18 U.S.C. § 3500(a); Fed. R. Crim. P. 26.2.

Accordingly, the Court finds Defendant's requests should be **DENIED**.

## II.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's motion [**Doc. 228**]. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant at his place of detention.

**IT IS SO ORDERED**.

ENTER:

Debra C. Poplin
United States Magistrate Judge

4