UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN HARDISON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:25-CR-48-TAV-DCP-1 |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's renewed motion for a judgment of acquittal and motion for a new trial [Docs. 245, 246], which the government opposes [Doc. 247]. Defendant has replied [Doc. 248], and this matter is ripe for resolution. After considering the record and controlling law, for the reasons that follow, the Court will **DENY** defendant's motion [Docs. 245, 246].

## I. Background

On April 15, 2026, a federal grand jury returned a superseding indictment, charging defendant with possession with intent to distribute 280 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 1) and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2) [Doc. 193].

The case proceeded to trial on June 2, 2026 [Doc. 236]. At the close of the government's case-in-chief, defendant made an oral motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure [Doc. 251, p. 50].

Defendant argued that the government failed to present sufficient evidence upon which a reasonable jury could find each element of the charged offenses beyond a reasonable doubt [*Id.*].

In response, the government first argued that it presented sufficient evidence showing that the defendant possessed more than 700 grams[1] when law enforcement entered defendant's house [*Id.* at 51]. The government submitted that possession of cocaine base in such quantity "gives rise to an inference" that the defendant intended to distribute the same [*Id.* at 51]. Finally, the government stated that such inference of intent to distribute was supported by other evidence, namely the paraphernalia and cash drug proceeds [*Id.*].

The Court deferred ruling on the motion, and defendant renewed the motion at the close of all proof [*Id.* at 51, 54]. The Court ultimately denied defendant's motion for judgment of acquittal [*Id.* at 55]. The jury found defendant guilty on both counts [Doc. 238]. Defendant now renews his motion for a judgment of acquittal and moves, in the alternative, for a new trial [Docs. 245, 246].

## II. Legal Standards

A motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure challenges the sufficiency of the evidence to support the conviction. *See* Fed. R. Crim. P. 29(c); *United States v. Montgomery*, 358 F. App'x 622, 628 (6th Cir. 2009). When reviewing such a motion, the Court "must decide whether, after viewing the

[1] The Court infers that the "700 grams" refers to the quantity of cocaine base giving rise to Count 1.

evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007) (citations omitted). In doing so, the Court must not weigh evidence, assess witness credibility, or "substitute its judgment for that of the jury." *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002) (citation omitted). This standard places a "very heavy burden" on defendants challenging the sufficiency of the evidence. *Id.*

Alternatively, the Court "may vacate any judgment and grant a new trial" under Rule 33 "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that the jury's verdict was against the manifest weight of the evidence." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (internal quotation marks and alterations omitted). But such motions should be granted "[o]nly in extraordinary circumstances . . . when the verdict exceeds the bounds of reasonableness." *United States v. Burks*, 974 F.3d 622, 625 (6th Cir. 2020) (citation omitted). "On the one hand, [the Court] must scrutinize the record and ensure that a 'miscarriage of justice' did not occur. On the other hand, the court must respect the role of the jury and ensure that evidence-supported convictions are upheld." *Id.*

In contrast to a Rule 29 motion, a district judge considering a Rule 33 motion on the weight of the evidence "can act in the role of a 'thirteenth juror' and consider the credibility of the witnesses and the weight of the evidence to [e]nsure that there is not a miscarriage of justice." *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998) (citation omitted).

However, "the verdict is not unreasonable simply because different inferences could have been drawn or because other results are more reasonable." *Burks*, 974 F.3d at 625 (internal quotation marks and alterations omitted).

## III. Analysis

### A. Possession with Intent to Distribute Cocaine Base

Count 1 charged defendant with possession with intent to distribute 280 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). To sustain a conviction under 21 U.S.C. § 841(a)(1), "the government must prove beyond a reasonable doubt that the defendant: (1) knowingly, (2) possessed a controlled substance, (3) with intent to distribute it." *United States v. Reed*, 163 F.4th 338, 366 (6th Cir. 2025) (internal quotation marks omitted) (citations omitted). Defendant appears to contest all three elements [*See* Doc. 246 ¶¶ 7, 9].

Defendant initially argues only that "the evidence was insufficient as a matter of law to sustain the conviction on Count One" [Doc. 246, p. 3].[2]

In response, the government submits that defendant "offers only a conclusory list of grounds for a new trial, none of which he develops with argument or factual assertions and many of which repeat claims this Court has already denied" [Doc. 247, p. 1]. The

---

[2] The Court notes that defendant offers a list of 21 "grounds" in support of his motion, the first of which is "insufficient evidence" [Doc. 245, p. 3]. Because the Court need only consider the sufficiency of the evidence in ruling on the instant motion, the Court does not reach defendant's other points, each of which, as the government asserts, appears conclusory and undeveloped [*See* Doc. 247, p. 1]. Further, to the extent that defendant's motion raises issues concerning discovery, prosecutorial misconduct, or his Sixth Amendment rights, the Court finds that these issues were resolved prior to trial [*See* Docs. 156, 165, 209, 213, 217, 232].

government further argues that the evidence is sufficient to sustain the jury's verdicts [*Id.* at 2]. Specifically, the government points to the evidence regarding law enforcement's execution of a warrant to search defendant's house, during which they found defendant actively attempting to flush cocaine base down a toilet [*Id.*]. Next, the government points to evidence showing that, after they detained defendant, officers found 733.5 grams of cocaine base in the toilet [*Id.*]. The government states that officers also found (1) approximately 34.24 additional grams of cocaine base in other places throughout the house, including in defendant's bedroom, packaged in small baggies and in proximity to mail bearing defendant's name; and (2) thousands of dollars in cash [*Id.*]. Finally, the government points to evidence of items commonly used for manufacturing and distributing drugs, including glass measuring cups, baking soda, digital scales, and razor blades [*Id.*].

Defendant replies, arguing that "the government was required to prove more than mere presence at a location where contraband was found" [Doc. 248, p. 2]. Defendant further submits that "the government relied on inference stacking and circumstantial association rather than proof beyond a reasonable doubt" [*Id.*]. Defendant ultimately asserts that the presence of items inside his house alone "does not automatically prove that defendant knowingly possessed every item found or intended to distribute those substances" [*Id.*]. Finally, defendant argues that the government's response "treats the jury's guilty verdict as though it answers the Rule 29 question" when the Court itself must determine whether sufficient evidence exists to sustain the convictions [*Id.*].

Here, the Court finds sufficient evidence to support the jury's verdict as to Count 1. First, the government did not simply present evidence showing defendant was present in a house in which controlled substances were found. Rather, it presented evidence that defendant was actively attempting to flush such substances down the toilet as officers executed the warrant [Doc. 250, pp. 51–57]. Second, the government presented evidence of other items recovered during the search of defendant's residence, including large sums of rubber-banded currency, multiple baggies containing rocks of crack cocaine, a box for a money counter, Pyrex glassware with white residue, an open box of baking soda, a razor blade, and a digital scale [*Id.* at 80–90]. At least some of the bundled currency was found lying on top of two pieces of mail addressed to defendant [*Id.* at 81].

Moreover, the government presented testimony from a Tennessee Bureau of Investigation special agent with over 15 years of experience in investigating drug-related crimes [Doc. 251, pp. 4, 11–12]. That agent, who was not present at defendant's home when the search warrant was executed [*id.* at 5], offered extensive testimony about the tools used in distributing drugs, based on interviews and investigations he had conducted throughout his career [*Id.* at 12–14]. Upon being shown numerous photos from the search of defendant's house, the agent testified as to how some of the discovered items could be used in manufacturing or distributing crack cocaine [*Id.* at 32–43]. Furthermore, the agent testified that the amount of cocaine base seized, over 767 grams, was consistent with distribution-level quantities [*Id.* at 48].

Based on this evidence, the Court finds that a reasonable jury could find that defendant knowingly possessed with the intent to distribute cocaine base. Thus, the Court finds that, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found all of the elements of the offense charged in Count 1 beyond a reasonable doubt. Moreover, even considering the weight and credibility of this evidence, the Court does not find that defendant's conviction on Count 1 exceeds the bounds of reasonableness or results in a miscarriage of justice. Defendant's request for judgment of acquittal or, alternatively, a new trial as to Count 1 is therefore **DENIED**.

**B. Sufficiency of Evidence as to Count Two**

As Count 2 charged defendant with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), the government must prove beyond a reasonable doubt the same elements as in Count 1. Specifically, the government must prove that the defendant: (1) knowingly, (2) possessed a controlled substance, (3) with intent to distribute it." *Reed*, 163 F.4th at 366 (internal quotation marks omitted) (citations omitted). Defendant again appears to contest all three elements [*See* Doc. 246 ¶¶ 8, 9].

For all the reasons discussed *infra*, the Court also finds sufficient evidence to support the jury's verdict as to Count 2. Although defendant does not distinguish between the sufficiency of evidence as it relates to possession with intent to distribute cocaine base (Count 1) and possession with intent to distribute cocaine (Count 2), the Court notes that the evidence largely overlaps. Specific to Count 2, however, the government also

presented evidence that currency was found in a cabinet directly behind powder cocaine next to priority mail addressed to defendant [Doc. 250, p. 89].

Thus, the Court finds that, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found all of the elements of the offense charged in Count 2 beyond a reasonable doubt. Moreover, even considering the weight and credibility of this evidence, the Court does not find that defendant's conviction on Count 2 exceeds the bounds of reasonableness or results in a miscarriage of justice. Defendant's request for judgment of acquittal or, alternatively, a new trial as to Count 2 is therefore **DENIED**.

### C. Phase II Findings

Defendant states that he "also challenges the sufficiency and legal effect of the Phase II findings relating to the prior conviction and release from imprisonment questions," but he provides no basis for his challenge [*See* Doc. 246 ¶ 10]. The government does not address this challenge in its response [Doc. 247]. In his reply, defendant does not provide any supporting argument but rather only "preserves his challenge" [Doc. 248, p. 5].

In its Phase II findings, the jury first found that defendant served a term of imprisonment of more than 12 months for the conviction in Knox County Criminal Court Case Number 101674 [Doc. 239]. Second, the jury found that defendant was released from that term of imprisonment within 15 years of the commencement of the offense in Count 1 of the Superseding Indictment [*Id.*].

Here, the Court finds sufficient evidence to support the jury's Phase II verdict. First, the government presented witness testimony from a United States Deputy Marshal, who booked and fingerprinted defendant following his arrest [Doc. 251, pp. 117–18]. This witness testified that defendant's fingerprint records were of the kind maintained by the United States Marshal Service in the ordinary course of business, that the records could not be altered once created, and that the records accurately reflected the information contained within them [*Id.* at 118–19]. Moreover, the witness made an in-court identification of defendant [*Id.* at 120]. Finally, in response to questions about defendant's Tennessee Department of Corrections records and specifically his Knox County Criminal Court conviction, the witness testified that defendant served a sentence of imprisonment from February 5, 2018, to December 8, 2021, following the revocation of his initial sentence to Knox County Community Corrections [*Id.* at 125–29].

Thus, the Court finds that, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that defendant served a term of imprisonment of more than 12 months for the conviction in Knox County Criminal Court Case Number 101674 and that he was released from that term of imprisonment within 15 years of the commencement of the offense in Count 1 of the Superseding Indictment. Moreover, even considering the weight and credibility of this evidence, the Court does not find that the jury's Phase II findings exceed the bounds of reasonableness or result in a miscarriage of justice. Defendant's request for judgment of acquittal or, alternatively, a new trial as to the Phase II findings is therefore **DENIED**.

### D. Motion for Leave to Amend

Finally, defendant moves for leave to supplement his instant motion after he receives the trial transcripts and other "relevant portions of the record" [Doc. 246 ¶ 13].

The government responds in opposition, stating that defendant does not provide any information as to what the transcripts might contain that would support his motion [Doc. 247, p. 4]. The government also notes that, because defendant was present at trial and other proceedings, "he is able to articulate the facts underlying any arguments he wishes to present based on his firsthand knowledge of the proceedings" [*Id.*]. Thus, the government suggests that, rather than "seeking an opportunity to further support timely arguments, it appears [defendant] more likely seeks to mine the transcripts for other arguments he has not yet thought of" [*Id.* (citing *United States v. Ogden*, No. CR 06-20033, 2009 WL 778795, at *4 (W.D. Tenn. Mar. 20, 2009))].

In his reply, defendant states that the government's response in opposition "ignores the reality of pro se incarceration" [Doc. 248, p. 4]. Defendant submits that, without the trial transcripts, he cannot provide "precise citations to testimony, objections, rulings, jury instructions, sidebars, and other proceedings relevant to his post-trial claims" [*Id.*]. Defendant maintains that he does not seek to delay the case nor create new issues [*Id.*]. Rather, defendant asserts, he only asks for opportunity to supplement his motion with accurate citations once he receives the transcripts [*Id.*]. Finally, defendant states that his request will promote fairness, will not prejudice the government, and would "unfairly penalize" defendant [*Id.*].

The Court first notes that, in ruling on the instant motion, it has "scrutinize[d] the record in this case." *Burks*, 974 F.3d at 625. Second, the Court finds that defendant's lack of precise citations to the record, including the trial transcripts, did not influence the Court's determination. Specifically, and as discussed above, the Court finds that the record contains evidence upon which "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Gardner*, 488 F.3d at 710. Accordingly, defendant's motion for leave to supplement the instant motion [Docs. 245, 246] is **DENIED**.

## IV. Conclusion

For the reasons discussed, the Court finds, after viewing the evidence in a light most favorable to the government, that a rational trier of fact could have found beyond a reasonable doubt that the government proved all elements of the counts of conviction and Phase II findings addressed herein. Additionally, the Court finds that granting defendant a new trial is not in the interest of justice. Neither a judgment of acquittal nor a new trial is warranted, and defendant's motion [Docs. 245, 246] is therefore **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE